## THE SYDFOLD.
### In re STATES MARINE CORPORATION.

District Court, S. D. New York.
March 30, 1938.

Haight, Griffin, Deming & Gardner, of New York City (J. Ward O'Neill and Herbert M. Statt, both of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Clement C. Rinehart, of New York City, of counsel), for respondent.

PATTERSON, District Judge.

States Marine Corporation filed a petition for an order directing D/S A/S Fold to proceed with arbitration. The petition showed that the petitioner had chartered a vessel from the respondent under a charter party which provided for arbitration of disputes, that disputes had arisen, and that the respondent instead of resorting to arbitration had commenced a suit in admiralty against the petitioner. The petition was opposed by the respondent. The court granted the petition, ordered the respondent to proceed with arbitration, and allowed costs to the petitioner as on conclusion of a suit. The respondent then moved for resettlement of the order, to the extent of striking out the provision for taxation of costs.

The respondent's argument is that the order is not final and therefore should not carry costs. If the order is a final one, the argument has no force.

I am of opinion that an order directing arbitration in a case like the present one is a final order. Authority for the order comes from section 4 of the Arbitration Act, 9 U.S.C.A. § 4, to the effect that where a party refuses to arbitrate under a written agreement for arbitration the court on petition of another party may direct the parties to proceed to arbitration. A proceeding for compelling arbitration under section 4 is an independent proceeding, resulting in an order which in substance is a decree for specific performance of the agreement to arbitrate. An order granting a petition to compel arbitration has been held final and hence appealable under section 128 of the Judicial Code, 28 U.S.C.A. § 225. Krauss Bros. Lumber Co. v. Louis Bossert & Sons, 2 Cir., 62 F.2d 1004; Hosiery Manufacturers Corporation v. Goldston, 238 N.Y. 22, 143 N.E. 779; Marchant v. Mead-Morrison Mfg. Co., 252 N.Y. 284, 169 N.E. 386. An order dismissing a petition to compel arbitration is likewise final. See In re Utility Oil Corporation, 2 Cir., 69 F.2d 524; La 'Nacional Platanera v. North American Fruit & S. S. Co., 5 Cir., 84 F.2d 881.

There is nothing to the contrary in Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989. There the libellant had brought a libel in rem against the vessel and in personam against the owner. The owner demanded relief under an arbitration clause. The district court made an order directing arbitration, staying the trial of the suit and retaining jurisdiction to make further orders and decrees. It was held that the order was not final. The order, it will be noted, was not the usual one under section 4, made in an independent proceeding for arbitration. It was an order under section 8, which is to the effect that in a case

cognizable in admiralty a party claiming to be aggrieved may begin proceeding by libel and seizure of the vessel or other property in the usual way, and the court shall then have jurisdiction to order arbitration and shall retain jurisdiction to enter decree on the award. The purpose of section 8, 9 U.S.C.A. § 8 is to allow an aggrieved party the benefit of security obtained by attachment; to achieve this end the arbitration is made a phase of the suit in admiralty. The order in the Schoenamsgruber Case, by its terms as well as by section 8 of the Act, 9 U.S.C.A. § 8, was plainly an interlocutory order.

The present case is also unlike instances where there is an order staying further proceedings in a suit pending arbitration or an order denying such a stay. An order of that character is not final. Shanferoke Coal & Supply Co. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583.

The provision for costs was proper, and the motion to resettle the order will be denied.