25 F.Supp. 663 (1938)
THE BELIZE.[*]
THE NIDAREID.
REDERIAKTIESELSKABET NIDAROS
v.
STEAMSHIP OWNERS OPERATING CO., Inc.
KROGSTADS DAMPSKIBSREDERI A/S
v.
SAME.
District Court, S. D. New York.
September 16, 1938.
*664 Haight, Griffin, Deming & Gardner, of New York City, for libelant.
Bigham, Englar, Jones & Houston, of New York City, for respondent.
PATTERSON, District Judge.
In each of these cases the libellant chartered a vessel to the respondent. By the charter party the respondent agreed to redeliver the vessel in good order and condition. The charter party provided for arbitration of any dispute. In May, 1938, the libellant commenced suit in admiralty against the respondent, alleging that the respondent had damaged the vessel and had redelivered it in damaged condition and asking for a decree for the damages. The suit was an ordinary one in personam, without attachment or seizure of any property of the respondent. In the libel the libellant called attention to the arbitration clause and stated that it "reserved" the right later to proceed to arbitration. The respondent made answer in due course, denying that the vessel had been redelivered in damaged condition and asking that the libel be dismissed. The answer also carried interrogatories to be answered by the libellant. The libellant filed exceptions to the interrogatories. With the suit in this condition the libellant made a motion that the respondent be ordered to proceed to arbitration and be stayed from further proceedings in the suit pending arbitration. The respondent resisted the motion, claiming that the libellant had waived its right to compel arbitration.
The arbitration clause in the charter party gave either side initially the right to insist on arbitration of any dispute growing out of the charter. Under the Arbitration Act the clause was binding and enforceable on both. Act of February 12, 1925, 9 U.S.C.A. § 1 et seq. But the clause, like other clauses in the contract, might be waived or rescinded by agreement or action of the parties. The libellant repudiated it by bringing suit in admiralty against the respondent in personam for breach of the charter party. The respondent joined in the repudiation by answering the libel on the merits and propounding interrogatories, without demand for arbitration. By conduct on both sides the controversy was submitted to the court and the arbitration clause treated as non-existent. Krauss Bros. Lumber Co. v. Louis Bossert & Sons, 2 Cir., 62 F.2d 1004; La Nacional Platanera v. North American Fruit & S. S. Corporation, 5 Cir., 84 F.2d 881; Matter of Zimmerman v. Cohen, 236 N.Y. 15, 139 N. E. 764. After issue had been joined on the merits in the admiralty court it was too late for the libellant to draw back and compel arbitration.
This conclusion is unavoidable on the law of contracts. It is also supported by practical considerations. When a party who has agreed to arbitrate any controversy that may arise prefers to take a controversy to court in the ordinary way, there comes a time in the course of the litigation when it would be unfair to permit one side to resort to arbitration over the protest of the other. That time is reached when the defendant files an answer on the merits, joining with the plaintiff in rejecting arbitration and tendering the controversy to the court for trial.
The libellant in its libel tried to reserve the right to resort to arbitration at a later time. The attempted reservation was futile. A reservation of the right to pursue an inconsistent remedy is effective where the facts are unknown to a party. Thomas v. Taggart, 209 U.S. 385, 28 S.Ct. 519, 52 L.Ed. 845; In re Kaplan & Myers, 3 Cir., 241 F. 459. But where there is knowledge of the necessary facts on which to found a choice of inconsistent remedies, an asserted reservation of the right to take the inconsistent remedy later on is of no avail. Clausen v. Head, 110 Wis. 405, 85 N.W. 1028, 84 Am.St.Rep. 933; 20 Corpus Juris, page 21.
The libellant also relies on section 8 of the Arbitration Act, 9 U.S.C.A. § 8; "If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder *665 by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award."
The purpose of section 8 is to give an aggrieved party in a maritime controversy the benefit of jurisdiction in rem or by foreign attachment and at the same time to save his right to an arbitration. In re States Marine Corporation, 25 F.Supp. 662 decided by this court March 30, 1938. Under this section, libel and seizure of a vessel or other property may be the initial step in a proceeding to enforce an agreement for arbitration. Marine Transit Co. v. Dreyfus, 284 U.S. 263, 275, 52 S.Ct. 166, 76 L.Ed. 282. A person who commences suit in admiralty "by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings" does not repudiate the arbitration clause and is not foreclosed from later demanding an arbitration. The statute is explicitly to that effect. Here the libellant did not proceed by seizure of the respondent's property, and the case is not governed by section 8, 9 U.S.C.A. § 8. The libellant's application is under sections 3 and 4 of the Act, 9 U.S.C.A. §§ 3, 4.
The libellant's motion to compel the respondent to go to arbitration and for a stay of the proceedings in the suit will be denied.
NOTES
[*] Appeal dismissed ___ F.2d ___.