The motion to remand will accordingly be sustained.

## RICHARD NATHAN CORP. v. DIACON-ZADEH.

United States District Court
S. D. New York.

Dec. 3, 1951.

Nelson, Healy, Baillie & Burke, New York City, for petitioner.

Harry Torczyner, New York City, Renato C. Giallorenzi, New York City, of counsel, for respondent.

DIMOCK, District Judge.

This is a petition to compel arbitration under a certain charter party in which respondent agreed to let and petitioner agreed to hire the S.S. Yozgat for carriage of a cargo of pig iron. The only argument raised in opposition is that petitioner, by its actions, has waived its right to compel arbitration.

The parties entered into two charter parties on November 30, 1950, arranging for the carriage of two cargoes of pig iron. Subsequently, on February 7, 1951, petitioner and respondent agreed to modify the two charter parties by combining the two cargoes to be carried on the S.S. Yozgat instead of on the two ships previously named. The laydays were also changed but all other terms and conditions

remained unchanged and were made applicable to the trip of the S.S. Yozgat.

Respondent was not in fact the owner of the S.S. Yozgat, but had chartered it from Devlet Denizyollari, hereinafter called Devlet, an agency of the Turkish government, which was the owner. During the voyage of the vessel, various disputes arose between petitioner and respondent. In addition, respondent failed to pay the freight and demurrage under its charter party with Devlet. After the ship arrived at Philadelphia Devlet asserted a lien on the cargo and threatened to have it seized. To avoid such seizure, petitioner entered into an agreement dated July 11, 1951, with Devlet to deposit $110,000 in the registry of this court to secure Devlet's lien on the cargo. On the same day Devlet commenced an action in this court against respondent and the cargo, in which petitioner made its claim as owner and deposited the $110,000.

After this, respondent, on July 14, 1951, filed a libel in the United States District Court for the Eastern District of Pennsylvania against Devlet, the S.S. Yozgat and the cargo of pig iron. In this proceeding respondent made a claim for an amount due him from petitioner. Again, petitioner appeared and posted a bond to obtain a release of the cargo from seizure.

As things stand now, respondent has a claim against petitioner under their charter party and petitioner denies any further liability to respondent and makes its own claim against respondent under the charter party. The arbitration clause of the charter party covers any dispute arising between respondent and petitioner. Petitioner alleges that, in accordance with the arbitration agreement, it has demanded arbitration of both disputes, has tendered payment in escrow of the amounts claimed due by respondent and has called upon respondent to deposit in escrow an amount sufficient to satisfy its claim. Petitioner further alleges that it has duly appointed an arbitrator and has requested respondent to do so but that respondent has failed and neglected to do so.

In support of its contention that petitioner has waived its right to compel arbitration, respondent relies on petitioner's agreement with Devlet for posting security, on petitioner's participation in the suit commenced by Devlet in this court, on petitioner's appearance, on July 14, 1951, in the suit initiated by respondent in the Eastern District of Pennsylvania without then seeking arbitration and on the denial of petitioner's motion for a stay pending arbitration in the suit in the Eastern District of Pennsylvania. Respondent also relies on service of a summons dated December 15, 1950 in a suit by petitioner which respondent says was based on a dispute which arose between the two concerning the November 30, 1950 charter parties.

 In order to constitute a waiver there must be an intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it. See American Locomotive Co. v. Chemical Research Corporation, 6 Cir., 171 F.2d 115. It does not appear that petitioner has commenced any actions under any of the charter parties involved since December 15, 1950. There is no allegation that petitioner has answered on the merits in any of the pending actions. The only claim of its participation on the merits is its participation in the taking of depositions of witnesses produced in behalf of Devlet in the suit started by Devlet. Aside from the matter of the depositions, petitioner's conduct seems to have been aimed only at freeing its cargo from liens and legal process. Where legal action has been instituted by others, steps taken by a charterer only to obtain the unhampered use of its cargo cannot be construed as an intentional relinquishment of its right to compel arbitration of disputes between it and the owner (here in fact, a charterer from Devlet, the actual owner). Likewise, the mere asking of questions pertaining to a dispute arbitrable between two parties during the deposition of a witness in behalf of a third party taken in connection with an action instituted by that third party does not evidence an intent to abandon the right to arbitration. What the result would be if a party to an arbitration agreement procured the commencement of actions by others to avoid the obligation to arbitrate, I cannot say, but that question has not been presented to

the court here. Respondent alleges on this point only that petitioner and Devlet took "concerted action * * * to bypass Respondent" by entering into the agreement of July 11, 1951, whereby petitioner agreed to deposit $110,000 in the registry of this court to secure Devlet's asserted lien on the cargo. The allegation further is that Devlet and petitioner thereby attempted "to submit the cargo and the funds representing amounts due by Petitioner to Respondent, to the jurisdiction" of this court. These allegations do not reveal any effort to avoid the arbitration agreement between petitioner and respondent nor do they indicate that Devlet's conduct in commencing an action was at the instigation of petitioner. For aught that appears, petitioner only sought to obtain the free use of its cargo.

■ The denial of petitioner's motion for a stay of proceedings in the suit pending between it and respondent in the Eastern District of Pennsylvania is not a bar to petitioner's present motion to compel arbitration. See In re Pahlberg Petition, 2 Cir., 131 F.2d 968; American Locomotive Co. v. Gyro Process Co., 6 Cir., 185 F.2d 316, 318. Therefore, this court is not prevented from acting upon the present petition.

The last point relied on by respondent is the service on him by petitioner of a summons dated December 15, 1950. Respondent alleges that the action thus instituted was based upon a dispute as to the two charters dated November 30, 1950. A letter, which purports to be written by petitioner's counsel, indicates that the action was brought as a result of respondent's refusal to sign the charter party agreed upon by respondent with petitioner. It seems that this action went no further than the service of the summons, for no mention is made of any pleadings and, judging from the fact of a subsequent agreement between these parties on February 7, 1951, they composed their differences without further legal proceedings.

Respondent quotes language from some of the cases which he construes as indicating that mere commencement of an action constitutes a waiver of arbitration agreements. The language of two of these cases,

so far from indicating that mere commencement of an action is a waiver, states that more is necessary to make the suit effective as a waiver.

In The Belize, D.C., 25 F.Supp. 663, 664, Judge Patterson said: "When a party who has agreed to arbitrate any controversy that may arise prefers to take a controversy to court in the ordinary way, there comes a time in the course of the litigation when it would be unfair to permit one side to resort to arbitration over the protest of the other. That time is reached when the defendant files an answer on the merits, joining with the plaintiff in rejecting arbitration and tendering the controversy to the court for trial."

The court's opinion in La Nacional Platanera, S. C. L. v. North American Fruit & Steamship Corporation, 5 Cir., 84 F.2d 881, 882, is in the same vein. It said: "The general rule is that either party to a contract of arbitration may waive it. Plaintiff in this case must be held to have waived the provision of arbitration initially by bringing suit for damages without relying upon it. However, it had the right to dismiss and abandon that suit at any time before final judgment and bring a new suit to enforce the clause for arbitration."

■ Although it was held in both of these cases that arbitration had been waived, it is clear that acts going beyond the mere commencement of suit were relied upon by the courts in their decision. I hold in the instant case that the mere commencement of an action does not constitute a waiver of the right to compel arbitration.

There is also a question whether the commencement of an action under the charter parties of November 30, 1950 can have any effect on the right to compel arbitration of disputes arising under the charter party resulting from the agreement reached on February 7, 1951 and indeed whether an election of the courts as the forum for one cause of action would constitute a waiver of the right to arbitration of another cause of action later arising under the same charter party. In view of the position I have taken above, it will not be necessary to consider these questions.

Settle order on notice.