**CHINA UNION LINES, Limited,**
Libellant,

v.

**STEAMSHIP COMPANY OF 1949, Inc.,**
Respondent.

United States District Court
S. D. New York.

Dec. 14, 1955.

Platow & Lyon, New York City, for libellant E. F. Platow, New York City, and George G. Platow, Corona, of counsel.

Zock & Petrie, New York City, for respondent Francis J. O'Brien, New York City, of counsel.

HERLANDS, District Judge.

This is an application by respondent for an order staying libellant from proceeding to arbitration in this matter. The chronology of the proceedings in this District, as well as in the Southern District of Texas, has a material bearing upon the merits of the motion at bar.

On December 9, 1954, libellant filed a libel *in personam* in this court, seeking damages in the sum of $36,000.

On February 2, 1955, respondent appeared and answered. It also filed a cost bond.

On February 9, 1955, upon motion made by libellant, an order was filed in this court whereby libellant's *ad damnum* clause was increased from $36,000 to $50,000.

On February 16, 1955, respondent caused to be filed a note of issue, after having served a copy of such note of issue on libellant the day before. The clerk's office duly assigned a calendar number to this cause.

On March 4, 1955, libellant proceeded in the United States District Court for the Southern District of Texas to attach respondent's funds in the approximate amount of $36,000. The libel filed in the Texas District Court prayed for a writ of foreign attachment.

On August 12, 1955, respondent moved in the Texas District Court for an order to transfer the cause to the Southern District of New York.

On August 22, 1955, libellant crossmoved in the Texas District Court for an order directing arbitration.

On September 28, 1955, Judge Allen B. Hannay of the United States District Court for the Southern District of Texas denied respondent's motion to transfer the cause to the Southern District of New York and, at the same time, directed that libellant's demand for arbitration proceed in accordance with paragraph "17" of the terms of the charter party between libellant and respondent. Fuller reference to the charter party and the arbitration provision will appear later in the course of this opinion.

On October 7, 1955, an order based on Judge Hannay's decision was duly entered in the Texas District Court (Exhibit 9 attached to the papers submitted in opposition to the motion at bar). Judge Hannay's order directed that the proceedings in the Southern District of Texas should be stayed "until arbitration has been had in the City of New York, State of New York, of the disputes and controversies" between libellant and respondent, "such arbitration to be had in accordance with the terms of clause 17 of that certain charter party of the Chinese steamship Chungking Victory made between the parties in the City of New York on the 30th day of November, 1950, and in accordance with the United States Arbitration Act." The order further directed the parties to appoint their respective arbitrators and to proceed with the arbitration "in the City of New York, State of New York." The order finally provided "that jurisdiction of the above entitled cause shall be and is hereby retained by this Court to take such further proceedings and to enter such decrees as may be appropriate upon the award duly made by the arbitrators in said arbitration." The order, as signed by Judge Hannay was "approved as to form" by the proctors for the respective parties.

At no time up to the present has libellant asked this court to refer the cause pending in this court to arbitration.

The charter party which contains the arbitration provision is the standard form of "Time Charter, Government Form." The arbitration provision is contained in paragraph "17" of the char-

ter party; and that provision is quoted in article "Tenth" of the libel.

Arbitration proceedings are now governed by a specific statute—Title 9 U.S. C.A. §§ 1–14. It is respondent's contention that sections 4 and 8 of the arbitration statute have a decisive effect upon the motion at bar.

Section 4 provides, in part, as follows:

"The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed."

Thus, respondent argues that the plain wording of the statute requires that any arbitration in accordance with the terms of the agreement "shall be within the district" in which the petition for an order directing such arbitration is filed.

■ As appears from the foregoing chronology of the proceedings, libellant filed its petition for an order directing arbitration in the Southern District of Texas. It did not file a similar petition in this district. The only district within which the arbitration could proceed by force of a petition and court order would be the Southern District of Texas. However, the Texas District Court ordered the arbitration to proceed "in the City of New York." Hence, the order of the Texas District Court contravenes the provision contained in section 4 of the statute. In view of paragraph "17" of the charter party, which specifically provides that the arbitration shall proceed before three persons "at New York," libellant (in selecting the Texas District Court) chose the wrong forum in which to file its petition for an order directing arbitration.

■ Moreover, the merits of respondent's present motion rest upon additional grounds. Section 8 of the statute expressly recognizes and states that, where the basis of jurisdiction is by a cause of action which is begun "by libel and seizure of the vessel or other property of the other party", the court "shall then have jurisdiction to direct the parties to proceed with the arbitration and shall

retain jurisdiction to enter its decree upon the award." This statutory provision was designed to protect a libellant who proceeded *in rem*, but who nevertheless desired to preserve his right to arbitration.

In the case at bar, however, libellant initiated the litigation by an *in personam* proceeding filed in this court on December 9, 1954. Issue was joined; respondent filed a cost bond; libellant further invoked the jurisdiction of this court by obtaining an order increasing its claim for damages to $50,000; a note of issue was filed; and the case is now on the calendar of this court. All of these proceedings took place in the Southern District of New York before March 4, 1955, when libellant took its first step in the Southern District of Texas. In view of the foregoing, libellant has waived the contract provision for arbitration.

The arbitration statute, § 8, empowers a party to preserve its right to arbitration—notwithstanding its invocation of the court's jurisdiction—where such party files a libel *in rem*, as distinguished from *in personam*. The judicial authorities recognize the distinction adverted to. Thus, in The Belize, D.C.S.D.N.Y.1938, 25 F.Supp. 663, Judge Patterson (later Circuit Judge) held that, where libellant had proceeded *in personam*, libellant had waived its right to invoke an arbitration clause contained in the charter party. Judge Patterson said, at page 664:

"After issue had been joined on the merits in the admiralty court it was too late for the libellant to draw back and compel arbitration. * * * When a party who has agreed to arbitrate any controversy that may arise prefers to take a controversy to court in the ordinary way, there comes a time in the course of the litigation when it would be unfair to permit one side to resort to arbitration over the protest of the other. That time is reached when the defendant files an answer on the merits, joining with the plaintiff in rejecting arbitration and tendering

the controversy to the court for trial."

In the course of this opinion, Judge Patterson sharply distinguished between a proceeding *in personam* and a proceeding *in rem;* and in his interpretation of section 8 of the arbitration statute, he stated 25 F.Supp. at page 665:

"The purpose of section 8 is to give an aggrieved party in a maritime controversy the benefit of jurisdiction in rem or by foreign attachment and at the same time to save his right to an arbitration. In re States Marine Corporation, 25 F. Supp. 662 decided by this court March 30, 1938. Under this section, libel and seizure of a vessel or other property may be the initial step in a proceeding to enforce an agreement for arbitration. Marine Transit Corp. v. Dreyfus, 284 U.S. 263, 275, 52 S.Ct. 166, 76 L.Ed. 282. A person who commences suit in admiralty 'by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings' does not repudiate the arbitration clause and is not foreclosed from later demanding an arbitration. The statute is explicitly to that effect. Here the libellant did not proceed by seizure of the respondent's property, and the case is not governed by section 8, 9 U.S.C.A. § 8."

Judge Patterson's decision has been cited with approval, not only in this, but in other circuits. Kulukundis Shipping Co. v. Amtorg Trading Corp., 2 Cir., 1942, 126 F.2d 978, at page 989, note 39, where The Belize is cited sub nom. Rederiaktieselskabet Nidaros v. Steamship Owners Operating Co.; American Sugar Refining Co. v. The Anaconda, 5 Cir., 1943, 138 F.2d 765, 767; Galion Iron Works & Manufacturing Co. v. J. D. Adams Mfg. Co., 7 Cir., 1942, 128 F.2d 411, 413. A distinction has been made between the situation where libellant has submitted the case to the court's jurisdiction and later attempts to proceed by way of arbitration, and the situation where respondent seeks to amend his answer in order to invoke the arbitration clause and to ask for a stay. Kulukundis Shipping Co. v. Amtorg Trading Corp., supra.

The decisions cited and relied upon by libellant are distinguishable on their facts from the present case. In The Marcella, D.C.S.D.Tex.1950, 1950 A.M.C. 330 the court, in granting libellant's motion for a stay pending arbitration, held only that the Arbitration Act, 9 U.S.C.A. § 1 et seq., was applicable to the charter party basic to the controversy; and the opinion in no way intimates that the question of waiver of arbitration proceedings was argued or passed upon. The Norse Lady, D.C.S.D.N.Y.1943, 1943 A.M.C. 197 involved an action *in rem*, by process of foreign attachment, as distinguished from the case at bar, which is *in personam*. In Danielsen v. Entre Rios Rys. Co., Ltd., D.C.D.Md.1927, 22 F.2d 326, the court did not pass upon the question of waiver, but held only that the Arbitration Act was not intended to prohibit an assumption of jurisdiction, in the first instance, which a court would normally have of maritime suits. In La Nacional Platanera, S. C. L. v. North American Fruit & Steamship Corp., 5 Cir., 1936, 84 F.2d 881, the District Court had refused to refer the dispute to arbitration and to stay the action at law pending before it. The Court of Appeals for the Fifth Circuit, in affirming, said, at page 883:

"We have no hesitancy in deciding that by bringing the action at law to recover damages, ignoring the provisions of the charter party for arbitration, and then delaying for nearly four years before attempting to invoke arbitration, plaintiff was so much in default that he was not entitled to demand arbitration."

In my opinion, libellant has waived the right to proceed by arbitration. Accordingly, respondent's motion for a stay is granted. Settle order on notice.