**FARR & CO.**, a partnership, of which F. S. Farr, John Farr, W. F. Prescott, E. M. Jonklaas, Emmet Whitlock, L. H. Dixon and John C. Buys are partners, Libelant,

v.

**THE S.S. PUNTA ALICE**, her engines, boilers, etc., Cia. Intercontinental De Navegacion De Cuba, S. A. and Guisseppe Ravano Societa Per Azioni, Respondents.

United States District Court
S. D. New York.

May 16, 1956.

On Reargument June 15, 1956.

On Motion for Stay July 26, 1956.

**840**

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for libelant.

Kirlin, Campbell & Keating, New York City, for respondents.

NOONAN, District Judge.

■ The parties herein having previously agreed to arbitrate disputes arising under the Charter, and having agreed therein that the arbitrators and umpire shall be New York residents and that the arbitration shall take place in New York, a party to that charter cannot now say that, being a foreign corporation, it is not in New York for jurisdictional purposes when an attempt is made to enforce that arbitration agreement.

■ Title 9 U.S.C. § 4 provides for the jurisdiction of a federal district court and the parties themselves provided for venue in New York under these circumstances; the parties herein thus having consented to the jurisdiction of a New York arbitration proceeding, the consent would be meaningless unless the consenting party thereby also consented to the jurisdiction and venue of the court that could compel the proceeding in New York.

As to the propriety and/or sufficiency of the mailing to Florida of the notice of petition for an order directing the arbitration, however, Rule 4(d) parts (3) and (7) of the Federal Rules of Civil Procedure, Title 28 U.S.C., allows for service of a summons and complaint "or other like process" (e. g. the notice of petition herein) "in the manner prescribed by * * * the law of the state in which the service is made".

■ Section 1450 of the New York Civil Practice Act (containing some of the provisions of the state Arbitration Act) provides that service under circumstances applicable to the instant action may be made in the manner a judge or court may direct "upon satisfactory proof that the party aggrieved has been or will be unable with due diligence to make service" by use of the ordinary methods therefor. Otherwise, the usual method of personal or substituted service is required. Thus, since no such proof was submitted prior to the alleged notice herein, unless this defect has been shown to work no prejudice, the notice in the instant action must be held to be improper and the proceedings invalid.

■ The purpose of notice is to give the party notified knowledge of his opponent's action and an opportunity to prepare suitable defenses to that action. The purpose of technical rules governing notice in a matter such as this, where the parties have consented in advance, directly or indirectly, to the jurisdiction of the court, is to assure the parties and

the court as strongly as possible that such notice will actually be timely received by the party notified.

Under the facts in this case, and from the arguments of the party notified, it is apparent that they did receive timely notice and were given an opportunity to prepare themselves for what followed.

Thus, no prejudice resulted from the form of notification utilized, and, since the question of jurisdiction cannot exist under the circumstances referred to above, the respondents' motion to vacate service of the notice should be, and hereby is, denied, and the petitioner's petition for an order directing the respondent Cia. Intercontinental De Navegacion De Cuba, S. A., to arbitrate in accordance with its agreement should be, and hereby is, granted.

Settle order.

### On Reargument
#### June 15, 1956

After reading and considering all the papers, including the briefs, submitted on this motion for reargument, I am constrained to adhere to my original decision. The motion for reargument is therefore granted, and on such reargument, by submission, the original decision is adhered to. So ordered.

### On Motion for Stay
#### July 26, 1956

In view of the fact that a serious question of law is involved, that the respondent has appealed the determination of this court, and that to refuse to grant the stay requested would compel the respondent to enter into a proceeding which conceivably could make the appeal moot, this court believes that the relief sought by the respondent in aid of its appeal should be granted in order to preserve the status quo of the parties.

The provisions of the orders of this court appealed from by respondent's notice of appeal dated June 28, 1956 should be and hereby are stayed until such time as the United States Court of Appeals for the Second Circuit dismisses or determines the appeal.