**CHATHAM SHIPPING COMPANY, Warwick Corporation and Tsakalotos Navigation Corp., Libelants,**

v.

**FERTEX STEAMSHIP CORPORATION, Respondent.**

United States District Court
S. D. New York.
Feb. 23, 1965.

Poles, Tublin & Patestides, New York City, for libelants, John G. Poles and Christ Stratakis, New York City, of counsel.

Foley & Grainger, New York City, for respondent, John J. Foley, New York City, of counsel.

METZNER, District Judge.

The respondent has filed exceptions to the libel. They are predicated on the ground that a prior libel was filed in this court by one of the present libelants against the present respondent, based upon the same alleged facts and arising out of the same charter party, and that such libel sought damages for breach of contract. Respondent urges, therefore, that the libelants here have waived any right to compel the respondent to submit to arbitration.

The original libel was filed by Tsakalotos Navigation Corp. against Fertex Steamship Corp. and alleged that Tsakalotos, acting as agent for unnamed principals, sought damages arising out of a charter party entered into by it and the respondent. On December 7th the respondent served exceptions to that libel which were returnable before the court on December 22nd. In the meantime, on December 15th, 1964, the present libel was filed in which the libelants were Tsakalotos and its two principals. This libel was in essence the same as the original libel except that it specifically pleaded an arbitration clause and further alleged that "by this action the libelants seek to compel the respondent to submit to arbitration and demands security to insure payment and satisfaction of an arbitration award, pursuant to 9 U.S.C. § 8."

On December 17th Tsakalotos filed a cross-motion to the exceptions to the original libel, in which it sought an order discontinuing that libel without prejudice. The exceptions and the cross-motion were heard together, and on December 26th the court sustained respondent's exceptions to the original libel, but also granted Tsakalotos' cross-motion to discontinue the libel without prejudice. The respondent then filed the instant exceptions to the second libel.

Since the original libel was discontinued by court order without prejudice, it cannot be deemed to constitute a waiver of any rights of the libelants to arbitration. Furthermore, the mere commencement of an action cannot constitute a waiver of the arbitration clause. The Belize, 25 F.Supp. 663, 664 (S.D.N.Y. 1938); Richard Nathan Corp. v. Diacon-Zadeh, 101 F.Supp. 428, 430 (S.D.N.Y. 1951).

The second libel is *in personam*. The courts have held that under the arbitration statute, 9 U.S.C. § 8, you may preserve your right to arbitration in conjunction with filing a libel *in rem*. The specific language reads:

" * * * the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel" etc.

Since the libel is *in personam* the libelants do not come within section 8. The Belize, supra, 25 F.Supp. at 664; China Union Lines v. Steamship Co. of 1949, 136 F.Supp. 597 (S.D.N.Y.1955).

The fact that arbitration may not be available under section 8, however, does not prevent the libelant from moving pursuant to section 4. Farr & Co. v. Cia Intercontinental De Navegacion De Cuba, 243 F.2d 342, 347 (2d Cir. 1957). A proceeding under section 4 is not by way of a petition in a pending libel, but rather is an independent proceeding. Here again respondent argues that such independent proceeding may not be instituted because by filing this second libel seeking damages libelants have waived their right to arbitration. Under the principles set forth above such a waiver has not occurred at this point.

The libelants have moved on a petition seeking an order directing respondent to proceed with arbitration. This is an independent proceeding under section 4 of the Arbitration Act begun by service on the respondent. Cf. Greenwich Marine, Inc. v. S. S. Alexandra, 225 F.Supp. 671, 675 (S.D.N.Y.1964). In view of the fact that you may not couple a request for arbitration with a libel *in personam,* I will dismiss the libel and grant the motion to proceed with arbitration.

Settle order.