**FARRELL MARINE DEVICES, INC.,**
**Plaintiff,**

v.

**LYKES BROS. STEAMSHIP COMPANY,**
**Inc., Defendant,**

v.

**AVONDALE SHIPYARDS, INC. and Ingalls Shipbuilding Corp., Third-Party Defendants.**

**Civ. A. No. 67–625.**

United States District Court
E. D. Louisiana,
New Orleans Division.

May 1, 1969.

Paul A. Nalty, New Orleans, La., Allen Kirkpatrick, Washington, D. C., for plaintiff.

Rufus C. Harris, Jr., New Orleans, La., J. T. Martin, Washington, D. C., for defendant.

Robert B. Acomb, Jr., New Orleans, La., for third-party defendant Avondale Shipyards, Inc.

A. R. Christovich, Jr., New Orleans, La., for third-party defendant Ingalls Shipbuilding Corp.

## RULING ON AVONDALE'S MOTION TO STAY ARBITRATION

RUBIN, District Judge:

Farrell Marine Devices, Inc. ("Farrell") sued Lykes Bros. Steamship Corp., Inc. ("Lykes") for alleged infringement of a patent pertaining to cargo handling apparatus. In its answer Lykes contends that Farrell's patent is invalid and, alternatively, denies infringement.

Lykes then filed a third-party complaint against Avondale Shipyards, Inc., ("Avondale") contending that Avondale is obliged to indemnify Lykes under the terms of a contract between Lykes and Avondale for the construction of 16 ships on which the alleged infringing device was installed. Lykes filed a similar third party claim against Ingalls Shipbuilding Corporation ("Ingalls") under the terms of a contract between Lykes and Ingalls for the construction of 5 ships on which the alleged infringing device was used. The contracts between Lykes and Avondale and Lykes and Ingalls contain a lengthy clause, quoted in full in footnote one,[1] which provides, in part, "Any dispute arising under this contract which is not disposed of by agreement of the parties to this contract, shall be decided by the Chief, Office of Ship Construction, of the Maritime Administration * * *." ("The Disputes Clause").

Lykes, in addition, has sought to obtain an administrative determination of its claims against Avondale and Ingalls under The Disputes Clause. On January 3, 1969 the Maritime Administration refused to determine the dispute on the basis that it was not within the subject matter of The Disputes Clause. Lykes then appealed to the Federal Maritime Board.

Avondale now seeks a court order requiring Lykes either to dismiss its "arbitration" request, or, alternatively, to dismiss the third party complaints filed by it.[2] Avondale asserts that, by filing the third party complaints, Lykes has elected to litigate rather than to proceed under The Disputes Clause and therefore "should be considered to be estopped" to utilize that clause. Lykes

---

1. "Article 36. *Disputes.* Any action, omission, direction, decision or determination of the Board, the Owner or the Contractor under this contract may be the subject of a dispute. Any dispute arising under this contract which is not disposed of by agreement of the parties to this contract, shall be decided by the Chief, Office of Ship Construction, of the Maritime Administration, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the Contractor and to the Owner, which decision shall be final and conclusive and shall bind all parties to this contract unless within thirty (30) days from the date of receipt of such copy the Contractor or the Owner appeals from said decision by mailing or otherwise furnishing said Chief, Office of Ship Construction, a written appeal addressed to the Board. The decision of the Board on any question of fact, unless determined by a court of competent jurisdiction to have been fraudulent, capricious, or arbitrary, or so grossly erroneous as necessarily to imply bad faith or is not supported by substantial evidence, shall be final and conclusive and shall bind all the parties to this contract. In connection with any appeal proceeding under this Article 36, the Contractor and the Owner shall be afforded an opportunity to be heard before the Board or before the duly authorized representative or representatives of the Board appointed for the hearing of said appeal and an opportunity to offer evidence in support of or in opposition to the appeal. Pending final decision of a dispute hereunder, the Contractor shall proceed diligently with the performance of the contract work and in accordance with the decision of said Chief, Office of Ship Construction. The fact that the Owner, with or without comment, refers to the Board, as hereinbefore provided, the Contractor's estimates as to the cost and time of making changes, shall not prejudice the rights of any party to have any dispute relating thereto decided under this Article 36."

The above-quoted clause is designated as Article 35 in the Lykes-Ingalls contract. Article 35 of the Lykes-Ingalls contract contains a slight variation in phraseology which does not change the import of the above-quoted clause.

2. Ingalls and Lykes agree that a ruling on the Avondale motion will apply to the third party complaint against Ingalls.

says that The Disputes Clause is an "administrative procedure, and is not arbitration," hence the "arbitration decisions" cited by Avondale are not applicable. It suggests that the court should take jurisdiction of the dispute referred to in the third party complaint but stay judicial action on it pending action by the Maritime Administration.

A similar issue was recently decided by the Court of Appeals for the District of Columbia in Bethlehem Steel Corporation v. Grace Line, Inc., No. 21,050, March 6, 1969. The court there held that the district court should not have decided whether the disagreement between the parties was subject to the disputes clause of the contract.

■ As the court there said, "[I]t is now settled that the fact-disputes clause [of the standard government-wide construction contract] extends only to controversies redressable by specific provisions in the contract." Id. at p. 9, slip opinion, relying upon United States v. Utah Construction & Mining Company, 1966, 384 U.S. 394, 86 S.Ct. 1545, 16 L. Ed.2d 642. It held that changes in the language of the Maritime Administration form did not require a different result from the interpretation accorded the disputes clause in the standard government-wide construction contract.

Finding that it could not say "as a matter of law" that the disputes clause did not embrace the claim being made, the court held that the district court "can and should initially refer the dispute to the Administration, retaining jurisdiction to review its decision and pass final judgment on the matter." It drew an analogy between the administrative procedure stipulated by the contract and the arbitration process and said the course it was urging "would comport well with fundamental policy underlying the well settled rule that claims referable under the disputes clause for administrative adjustment cannot be entertained judicially until the required administrative procedures have been exhausted."[3] Id. at p. 18, slip opinion.

As the court there pointed out the contract form involved here is used throughout the shipbuilding industry. The Maritime Administration is uniquely qualified to interpret it and to maintain national conformity in the construction of its provisions. That decision affords abundant authority for the same course of action here.

■ Nor has Lykes waived its rights to administrative determination by invoking the court's jurisdiction. It finds the Maritime Administration unwilling to take jurisdiction and this suit is proceeding. If it does not assert its third party complaint here, its position may be jeopardized.

There is no estoppel, for clearly Lykes has not been misled to its detriment. The question is merely one of whether there has been a waiver. "The principle involved is that invoking or actively assenting to the jurisdiction of a court, being manifestly inconsistent with an assertion of the right to arbitrate the same dispute, constitutes a waiver," said Judge Medina in Nortuna Shipping Company v. Isbrandtsen Company, 2 Cir.1956, 231 F.2d 528, 529.

Here there is no such inconsistency. Lykes has judicially notified Avondale of Farrell's claim and of its own claim for indemnity. Meanwhile it has pressed its effort to secure an administrative determination of its rights against Avondale. Mere institution of a court action in itself has not been deemed to be a waiver of arbitration. The Belize, S.D.N.Y.1938, 25 F.Supp. 663 [the time when it becomes unfair in the course of litigation to permit resort to arbitration is when an answer has been filed on the merits]; In re Tsakalotos Navigation Corp., S.D.N.Y.1966, 259 F.Supp. 210 [joinder of issues will usually be inconsistent with arbitration, but it does not follow that it will be so in all instances]. Cf. Sulfur Export Corporation v. Carribean Clipper Lines,

3. The citations set forth in that court's footnote 51 need not be repeated here.

Inc., E.D.La.1968, 277 F.Supp. 632, where a waiver of the right to arbitrate was found as a result of actual participation in a pending litigation for 5½ years.

■ Hence the third party complaints should be stayed pending consideration of the controversy by the Maritime Administration. As the court suggested in *Bethlehem Steel* the determination by the Administration "expectably will include, as a threshold matter, inquiry as to whether the guaranty clause contained in the contracts in suit applies to the [matters covered by the third party complaint] and as to whether the remedy that clause prescribes is feasible and adequate. The Administration's determinations will be subject to consideration by the District Court in accordance with the principles governing judicial review of administrative action. More specifically, the District Court will first ascertain the Administration's jurisdiction under the disputes clause to resolve the [indemnity issue] and, if as to jurisdiction the Administration is sustained, will then proceed to an appraisal of the administrative decision on the merits. Should the District Court determine that the Administration possessed jurisdiction, its factual determinations will be accorded the finality statutorily prescribed. Should the District Court determine that the Administration lacked jurisdiction, the administrative findings will be advisory only." [4] Bethlehem Steel Corporation v. Grace Line, Inc., No. 21,050, March 6, 1969, slip opinion.

While this opinion was being typed, the court was furnished with a copy of a letter from the Administration dated April 23, 1969, stating that the "issues involved are not within the scope of the Disputes Article." This appears to be a final determination by the Administration itself of its own lack of jurisdiction. Counsel for Lykes suggests however that

the court should now "review that determination for its correctness." But the issue now before the court is not review of the Administration's determination of its lack of jurisdiction but whether a stay should be granted for a determination to accomplish the purposes of The Disputes Clause. The determination having been finally made, there is no reason for the stay.[5] The motion is therefore denied.

---

4. Footnotes omitted.

5. There is no reason to attempt to determine whether there is some other procedure by which review of the Administration's determination might be obtained.