587 P.2d 960

BERNALILLO COUNTY MEDICAL CENTER EMPLOYEES' ASSOCIATION LOCAL UNION NO. 2370 OF the SOUTHWESTERN COUNCIL OF INDUSTRIAL WORKERS, UNITED BROTHERHOOD OF CARPENTERS, AFL–CIO, et al., Plaintiffs-Appellants and Cross-Appellees,

v.

Mario L. CANCELOSI, Stephen Franks, Lawrence Yehle, the Board of Trustees of the Bernalillo County Medical Center, et al., Defendants-Appellees and Cross-Appellants.

No. 11645.

Supreme Court of New Mexico.

Nov. 16, 1978.

Rehearing Denied Dec. 14, 1978.

Dickson & Dubois, Frank P. Dickson, Jr., Albuquerque, for plaintiffs-appellants and cross-appellees.

Rodey, Dickason, Sloan, Akin & Robb, Duane C. Gilkey, Albuquerque, for defendants-appellees and cross-appellants.

OPINION

FEDERICI, Justice.

This action was commenced in the District Court of Bernalillo County by Bernalillo County Medical Center Employees' Association Local Union No. 2370 and others (appellants) for injunctive relief and damages arising out of the dismissal and suspension from employment of the individually-named plaintiffs by the Bernalillo County Medical Center and others (appellees).

On November 1, 1976, certain appellant employees were discharged or suspended from their employment. The district court found that, with two exceptions, these employees were covered by a collective bargaining agreement which contained a detailed grievance procedure. On November 2, an oral complaint regarding the suspensions and terminations was made by appellant union's president. The grievance procedure specifically requires a written griev-

ance, but the district court found that the practice between the parties was not to enforce this requirement. The grievance was reduced to writing on November 24, 1976. On November 4, 1976, appellant union filed a complaint in the district court seeking an injunction against further violations of the collective bargaining agreement and reinstatement of the affected employees with back pay and monetary damages. On December 8, 1976, appellants filed a motion to compel arbitration, pursuant to the New Mexico Uniform Arbitration Act, § 22–3–10, N.M.S.A.1953 (Supp.1975). On January 3, 1977, the trial court denied the motion specifically on the ground that the right to arbitrate, if any, was waived and abandoned. The court's findings of fact and conclusions of law, entered with final judgment, made clear that the finding of waiver was based on the fact that appellants had filed an action in district court.

The pleadings and orders found in the record proper present only one issue for determination by this Court: Did the district court properly find and conclude that the appellants had waived the right to arbitration and proceed to address the merits of the case?

■ In this jurisdiction the Legislature and the courts have expressed a strong policy preference for resolution of disputes by arbitration. The New Mexico Uniform Arbitration Act in § 22–3–10(A),(D), N.M.S.A. 1953 (Supp.1975) provides:

*22–3–10. Proceedings to compel or stay arbitration.*—A. On application of a party showing an agreement [to arbitrate] and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

\* \* \* \* \* \*

D. Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

Under this Act it is the court's duty to order arbitration where provision for it is clear. Where provision for arbitration is disputed, the court's function is to determine whether there is an agreement to arbitrate and to order arbitration where an agreement to arbitrate is found.

This Court, in *K. L. House Const. Co. v. City of Albuquerque*, 91 N.M. 492, 576 P.2d 752 (1978), construed the Uniform Arbitration Act and quoted the following language from the New York Court of Appeals in *Nationwide Gen. Ins. Co. v. Investors Ins. Co. of Am.*, 37 N.Y.2d 91, 95–96, 371 N.Y. S.2d 463, 466, 332 N.E.2d 333, 335 (1975):

[T]he announced policy of this State favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties. \* \* \* To this end the Legislature has assigned the courts a minimal role in supervising arbitration practice and procedures.

Generally it is for the courts to make the initial determination as to whether the dispute is arbitrable, that is "whether the parties have agreed to arbitrate the particular dispute" \* \* \*

\* \* \* \* \* \*

Basically the courts perform the initial screening process designed to determine in general terms whether the parties have agreed that the subject matter under dispute should be submitted to arbitration. Once it appears that there is, or is not a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended.

91 N.M. at 493–494, 576 P.2d at 753–54. This Court added to the New York Court's language:

When a broad and general arbitration clause is used, as in this case, the court

should be very reluctant to interpose itself between the parties and the arbitration upon which they have agreed. * * [T]he courts only decide the threshold question of whether there is an agreement to arbitrate. If so, the court should order arbitration. If not, arbitration should be refused.

*Id.* at 494, 576 P.2d at 754.

It appears to be quite clear in the present case that the grievance procedure contained in the collective bargaining agreement between the parties covers suspension and termination of the individual appellants. *See International Tel. & Tel. Corp. v. Local 400, Etc.,* 286 F.2d 329 (3d Cir. 1960); *United Textile Workers v. Newberry Mills, Inc.,* 315 F.2d 217 (4th Cir. 1963), *cert. denied,* 375 U.S. 818, 84 S.Ct. 54, 11 L.Ed.2d 53 (1963); *Trailways of New England, Inc. v. Amalgamated Ass'n, Etc.,* 343 F.2d 815 (1st Cir. 1965), *cert. denied,* 382 U.S. 879, 86 S.Ct. 164, 15 L.Ed.2d 120 (1965).

When the demand for arbitration follows initiation of proceedings in court, going to the merits of the dispute, a question of waiver is sometimes raised. An extensive and brutally diverse body of law exists as to what stage of the court proceedings waiver may be presented and determined. It has been held on numerous occasions in other jurisdictions that the filing of a complaint where nothing of consequence has occurred in the court proceedings does not constitute a waiver. *Farr & Co. v. Cia. Intercontinental de Navegacion,* 243 F.2d 342 (2d Cir. 1957); *Chatham Shipping Co. v. Fertex Steamship Corp.,* 352 F.2d 291 (2d Cir. 1965); *Richard Nathan Corp. v. Diacon-Zadeh,* 101 F.Supp. 428 (S.D.N.Y.1951); *Commercial Metals Co. v. International Union Marine Corp.,* 294 F.Supp. 570 (S.D.N.Y. 1968); *Guthrie v. Texaco, Inc.,* 89 LRRM, 2510 U.S.D.C. (S.D.N.Y.1975).

In *Commercial Metals Co. v. International Union Marine Corp., supra,* the Court had before it an issue quite similar to the issue raised under this point. In that case, the plaintiff and defendant were parties to a contract which provided for arbitration of disputes arising under the contract. For various reasons, the plaintiff sued for an alleged breach of the contract. A copy of the contract containing the arbitration clause was attached to the complaint filed in court, but the complaint did not request enforcement of the arbitration clause. Defendant moved to dismiss the action for failure to state a claim. In the meantime, plaintiff's counsel was attempting to get the basic issue before an arbitrator as provided in the contract and sent out various letters and communications for that purpose. Defendant refused to participate in the selection of an arbitrator under the arbitration clause of the agreement. Subsequently, plaintiff filed an action for the purpose of enforcing the arbitration clause of the contract. Defendant then alleged that the right to arbitration had been waived by plaintiff by the filing of the action for damages. In making its decision ordering arbitration, the Court stated:

The mere filing of a complaint does not constitute a waiver. * * * Moreover, except for defendant's motion to dismiss pursuant to Rule 12(b)(6), F.R.C.P., which did not constitute the equivalent of an answer, see 3 Moore's Federal Practice § 15.07[2], p. 852, nothing of consequence occurred in the lawsuit prior to the plaintiff's filing of the amended complaint which clearly reserved plaintiff's right to arbitrate under the charter party contract and negated any inference of intent to waive. Defendant has not shown that it expended any substantial amounts or took any other steps to its detriment prior to the filing of the amended complaint. * * * (Emphasis added.)

*Id.* at 574.

In *Chatham Shipping Co. v. Fertex Steamship Corp., supra,* the Court said:

The cases are altogether clear that the mere filing of an action for damages on a contract does not preclude a subsequent change of mind in favor of arbitration therein provided, see *Richard Nathan Corp. v. Dacon-Zadeh,* 101 F.Supp. 428, 430 (S.D.N.Y.1951); *Farr & Co. v. Cia. Intercontinental de Navegacion,* 243 F.2d 342, 348 (2 Cir. 1957) * * *

There are authorities on the other hand which hold that the taking of a position inconsistent with an intent to arbitrate the controversy is a waiver of the arbitration rights contained in the agreement. *Ojus Industries, Inc. v. Mann,* 221 So.2d 780 (Fla. App.1969); *Bolo Corporation v. Homes & Son Construction Co.,* 105 Ariz. 343, 464 P.2d 788 (1970). The record in this case does not support a conclusion that the appellants took a position inconsistent with an intent to arbitrate or intended to litigate, rather than arbitrate.

With reference to waiver of arbitration, the pertinent dates and proceedings by the parties and the trial court consisted of the following:

| | | |
|---|---|---|
| November 4, 1976 | : | Complaint filed by appellants. |
| November 5, 1976 | : | Notice of hearing on injunction filed by appellants. (No hearing or action by the court.) |
| November 15, 1976: | | Motion to dismiss complaint filed by appellants. |
| December 1, 1976 | : | First amended complaint filed by appellants. |
| December 8, 1976 | : | Motion for arbitration filed by appellants. |
| December 28, 1976 : | | Motion to dismiss first amended complaint filed by appellees. |
| January 3, 1977 | : | Order of the court granting to appellants leave to file first amended complaint. |
| January 3, 1977 | : | Order of the court denying appellants' motion for arbitration. |

Between November 4, 1976 (the date the complaint was filed) and December 8, 1976 (the date the motion for arbitration was filed), the only pleadings filed were: (1) a complaint; (2) a motion to dismiss; (3) a first amended complaint; and (4) a motion requesting the trial court to submit the issues to arbitration. The case was not at issue and since no hearings had been held, the judicial waters had not been tested prior to the time the motion for arbitration had been filed.

Based upon the record of proceedings in this case, we hold that the trial court erred in ruling that appellants waived their right to arbitration.

Although argued in the briefs the question of whether waiver of arbitration is to be determined by the courts or by the arbitrators was not presented in the trial court below, and we reach no opinion on this issue.

The cause is reversed and remanded to the trial court to enter an order directing the parties to submit the issues involved to arbitration under the terms of the "Collective Bargaining Agreement."

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, J., concur.