632 P.2d 1163

**Wendell WOOD, Plaintiff-Appellee,**

v.

**MILLERS NATIONAL INSURANCE COMPANY, a corporation, Defendant-Appellant.**

**No. 13165.**

Supreme Court of New Mexico.

Aug. 24, 1981.

Crouch, Valentine & Ramirez, Jerald A. Valentine, Las Cruces, for defendant-appellant.

Walter R. Parr, Las Cruces, for plaintiff-appellee.

## OPINION

PAYNE, Justice.

The defendant, Millers National Insurance Company, has appealed an order denying its motion to compel arbitration, or in the alternative, to stay proceedings of the district court. The suit arose from a collision between the plaintiff Wood and an uninsured motorist, Gonzales. Both Wood and Gonzales were injured. Wood was operating a vehicle insured by Millers. Millers undertook Wood's defense in a suit initiated by Gonzales, and suggested that Wood counterclaim. Wood's personal attorney demanded that in addition to providing a defense, Millers cover Wood's own injuries under the uninsured motorist provisions of the policy. He also demanded arbitration if Millers refused to pay. Millers denied coverage for Wood's injuries and expressed a willingness to arbitrate, but suggested avoiding arbitration costs through agreement that the determination of liability between Wood and Gonzales in the pending

litigation would determine Wood's claim for uninsured motorist coverage. Wood made a further demand for coverage, without response from Millers. Wood then filed suit, alleging that Millers' denial of coverage was not in good faith. Millers filed a motion to dismiss which was denied. Millers then filed its motion to compel arbitration. The latter motion is the subject of this appeal.

### A.

█ The trial court concluded as a matter of law that there was no valid agreement of arbitration between Wood and Millers. However, the policy under which Wood makes his claim specifies that matters upon which Millers *and any person making a claim under the policy* disagree shall be settled by arbitration. Wood argues that since he did not sign the policy, he should not be bound by its terms. We fail to see how this argument has any validity in the circumstances of this case. *See Jeanes v. Arrow Insurance Company*, 16 Ariz.App. 589, 494 P.2d 1334 (1972).

### B.

The trial court also found that Millers waived its right to compel arbitration. We affirm the trial court on this issue.

█ This Court discussed the question of waiver in *United Nuclear Corp. v. General Atomic Co.*, 93 N.M. 105, 597 P.2d 290 (1979). As indicated in *United Nuclear*, this Court has encouraged arbitration and "all doubts as to whether there is a waiver must be resolved in favor of arbitration." *Id.* at 114, 597 P.2d at 299 [citations omitted]. *See also Dairyland Ins. Co. v. Rose*, 92 N.M. 527, 591 P.2d 281 (1979); *Bernalillo Cty. Med. Center Emp. v. Cancelosi*, 92 N.M. 307, 587 P.2d 960 (1978). Also, "dilatory conduct by the party seeking arbitration, unaccompanied by prejudice to the opposing party, does not constitute waiver." *United Nuclear, supra*, 93 N.M. at 115, 597 P.2d at 300 (citation omitted). The type of prejudice usually invoking a waiver involves trial preparation based on the belief that the other party does not desire or intend to

make a demand for arbitration. *Id.* at 117, 597 P.2d at 302. Thus, the extent of court action taken is an important inquiry. In *Cancelosi, supra*, this Court found no waiver of arbitration where "[t]he case was not at issue and since no hearings had been held, the judicial waters had not been tested prior to the time the motion for arbitration had been filed." *Id.* 92 N.M. at 310, 587 P.2d at 963.

With reference to waiver of arbitration, the pertinent dates and proceedings consisted of the following:

October 15, 1979: Complaint filed by Wood

November 20, 1979: Entry of Appearance by Millers

December 3, 1979: Order for Enlargement of Time

December 14, 1979: Motion to Dismiss by Millers

January 21, 1980: Order to Deny Motion to Dismiss

January 29, 1980: Motion to Compel Arbitration or Stay Proceedings filed by Millers

March 6, 1980: Motion for Default Judgment or for a Partial Summary Judgment filed by Woods

April 30, 1980: Order Denying Motion for Default Judgment

May 9, 1980: Order Denying Motion to Compel Arbitration

Between October 15, 1979 (the date the complaint was filed), and January 21, 1980 (the date the motion to compel arbitration was filed), the trial court held a hearing on Millers' motion to dismiss. After the court denied Millers' motion, Millers moved to compel arbitration. The question then is whether, having invoked the court's discretionary power, Millers may thereafter seek to compel arbitration. We hold that it cannot.

█ The mere instigation of legal action is not determinative for purposes of deciding whether a party has waived arbitration. The point of no return is reached when the party seeking to compel arbitra-

tion invokes the court's discretionary power, prior to demanding arbitration, on a question other than its demand for arbitration. Millers passed this point, and thereby waived arbitration. To hold otherwise would permit a party to resort to court action until an unfavorable result is reached and then switch to arbitration. We cannot sanction such a procedure.

### C.

■ Millers also appeals the denial of its motion to stay proceedings. The power to stay proceedings pending the outcome of other litigation is within the discretion of the court, and we will only find error when the lower court has abused its discretion. *See Flinchum Const. Co. v. Central Glass & Mirror*, 94 N.M. 398, 611 P.2d 221 (1980). Millers claims that Wood's action should be stayed because the suit between Gonzales and Wood will settle the dispute between Millers and Wood. In essence, Millers is challenging Wood's right to bring a direct action against Millers for uninsured motorist benefits.

■ Different jurisdictions have focused on various factors in determining whether an insured has a right to bring a direct action against the insurer for uninsured motorist benefits. Among these factors are: 1) legislative intent in enacting the statute requiring uninsured motorist coverage; 2) the insurer's intent in drafting the provision; 3) judicial economy; 4) the meaning of the phrase "legally entitled to recover"; and 5) the effect of an arbitration provision. *See generally* Annot., 73 A.L.R.3d 632 (1976). Review of the cases indicates that there is no single prevailing view. We have considered the various factors as they relate to New Mexico law and conclude that a direct action against an insurer for uninsured motorist benefits is permissible.

### 1.

In *Chavez v. State Farm Mutual Automobile Ins. Co.*, 87 N.M. 327, 329, 533 P.2d 100, 102 (1975), we stated that " 'the legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policyholder in the same position, with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance.' *Bartlett v. Nationwide Mutual Ins. Co.*, 33 Ohio St.2d 50, 52, 294 N.E.2d 665, 666 (1973)." In *Sandoval v. Valdez*, 91 N.M. 705, 580 P.2d 131 (Ct.App.1978), *cert. quashed*, April 13, 1978, the Court of Appeals noted that the statute does not mention any limitations on actions except that the insured must be legally entitled to recover damages and the negligent driver must be uninsured. Accordingly, we cannot find any legislative intent that an insured must obtain a judgment against the uninsured motorist before bringing an action for uninsured motorist coverage.

### 2.

The intent of the insurer in this case is clear from the wording of its policy and from the actions of its counsel. The relevant portion of the contract states:

> [D]etermination as to whether the insured ... is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured ... and the company or, if they fail to agree, by arbitration.
>
> No judgment against any person or organization alleged to be legally responsible for the bodily injury ... shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.

Millers intended that claims under the uninsured motorist provisions should be settled between it and the insured, with the possibility that a suit between the insured and the uninsured motorist could be conclusive if prosecuted by the insured with the company's written consent. No provision is made for the situation where arbitration fails, as it did here, nor is there indication that a judgment against an uninsured motorist is a prerequisite for recovery.

Wood never agreed to Millers' proposed arrangement whereby the results of the litigation between Gonzales and Wood would be determinative of Wood's claim for uninsured coverage. The fact that Millers deemed it necessary to seek such an arrangement indicates that the parties did not intend under the contract that the separate suit would be inclusive.

3.

 Judicial economy might favor a stay of these proceedings, but the notion should not be invoked where it substantially impairs a party's rights. *See* 1 Am.Jur.2d *Actions* § 97 (1962). The trial judge is in the best position to make the relevant determinations. We cannot hold as a matter of law that judicial economy is the overriding consideration or that the lower court's balancing of economy against harm to the plaintiff was erroneous.

4.

The phrase "legally entitled to recover" has been interpreted both as permitting direct action and as not permitting direct action. *See* Annot., 73 A.L.R.3d 632, §§ 8 and 9 (1976). We hold that the phrase merely requires that the determination of liability be made by legal means. Millers recognizes that agreement by the parties directly or through arbitration may result in a determination of what the insured is legally entitled to recover. No judgment against the uninsured motorist is necessary under this procedure. We hold that the same phrase does not constitute a barrier to court action where agreement and arbitration have failed.

5.

The contract provision requiring arbitration in the present case specifies that the parties shall submit to arbitration "upon written demand of either." Millers waived its right to make such a demand, as discussed *supra.* Under the circumstances of this case, Wood was not required to further pursue the arbitration procedure where Millers made no attempt to negotiate Wood's claim and failed to timely pursue arbitration on its own.

D.

We conclude that the trial court did not abuse its discretion by its denial of Millers' motion to stay proceedings. We recognize the difficult position Millers faces in defending two separate lawsuits which might subject Millers to a different liability than it would face if the present case were stayed. However, we cannot deny Wood his day in court because Millers failed to properly demand arbitration. Wood has made allegations of bad faith against Millers which are separate from the issue involved in the Gonzales litigation. Thus we cannot say as a matter of law that the motion to stay should have been granted.

E.

The judgment is reversed in part and affirmed in part, and the cause remanded for further proceedings consistent with this opinion.

BE IT SO ORDERED.

EASLEY, C. J., and SOSA, Senior Justice, concur.