709 P.2d 184

**BOARD OF EDUCATION TAOS MUNICIPAL SCHOOLS, Plaintiff-Appellant,**

v.

**THE ARCHITECTS, TAOS, A. Eugene Sanchez, William A. Mingenbach, Harold R. Benson, Wolcott Ely, Defendants-Appellees.**

No. 15648.

Supreme Court of New Mexico.

Nov. 12, 1985.

Charles S. Solomon, Santa Fe, Tapia & Campos, Miguel P. Campos, Albuquerque, for plaintiff-appellant.

Montgomery & Andrews, Robert J. Mroz, Santa Fe, for defendants-appellees.

**OPINION**

SOSA, Senior Justice.

The issue presented in this case requires us to develop guidelines to establish at what point a party, by participating in litigation, has waived a contractual right to arbitration.

Plaintiff, Taos Municipal School District (Taos) originally filed suit on May 1, 1978 against Pendleton Construction Company (Pendleton) and its bonding company, the American Fidelity Fire Insurance Company (Fidelity) seeking damages for Pendleton's breach of a contract for construction of a school building. By its Second Amended Complaint, filed on July 29, 1983, Taos

Schools joined as defendants the Architects, Taos, Eugene Sanchez, William Mingenbach, Harold R. Benson, and Wolcott Ely (Architects).

Architects, on November 10, 1983, answered the Second Amended Complaint, contesting or denying many of its allegations. In their first affirmative defense, Architects recited that the standard form of agreement between owner and architects, entered into by the parties, "requires plaintiff to submit all claims or disputes to arbitration." Architects raised two other affirmative defenses plus a general reservation of "the right to add additional affirmative defenses as they become known." On November 21, 1983, Architects answered the cross-claim of Pendleton. On May 21, 1984 the court set a trial date for September 10, 1984.

Architects propounded interrogatories to Taos and to Pendleton on June 15, 1984. Then on July 30, 1984, Architects filed myriad motions: to vacate the trial setting to allow time for depositions and additional discovery, with a request for a pre-trial conference; to disqualify counsel for Pendleton; for summary judgment in favor of defendant Wolcott Ely; to compel discovery; and for a judgment of dismissal and order to compel arbitration. Architects requested a hearing of four hours on all the motions.

Prior to the hearing on August 15, 1984, Architects noticed three depositions, withdrew the motion to disqualify counsel, and answered a motion for summary judgment by Taos. At the hearing, Architects requested that the motion for dismissal and to compel arbitration be heard first, as it might moot the remaining motions. The trial court ruled in favor of Architects, and Taos appeals. Neither party has demanded arbitration or filed a proceeding with the American Arbitration Association (AAA), as required in the contract at issue here.

Appellant Taos contends that the motion to dismiss and to compel arbitration was granted erroneously, because Architects had waived their right to arbitrate both by undue delay and by participation in the litigation which created a prejudicial reliance in Taos that the matter would go to trial.

Our cases which have considered the question of when to find waiver concur that the line is not easy to draw uniformly. The inquiry depends on the facts of each case, from which the court must infer the original intent of the party now asking for arbitration. There are, however, three principles which govern our review, and according to which we can formulate a general rule.

■ The first is a strong policy preference for arbitration as a more efficient mode of resolving disputes than litigation. Therefore "the courts hold that all doubts as to whether there is a waiver must be resolved in favor of arbitration." *United Nuclear Corp. v. General Atomic Co.*, 93 N.M. 105, 114, 597 P.2d 290, 299 (1979). (citations omitted). Consequently, "[t]he party asserting the default in pursuing arbitration bears a heavy burden of proving waiver." *Id.* at 115, 597 P.2d at 300 (citations omitted).

■ The second principle, following from the first, is that relief will only be granted upon a showing of prejudice to the party opposing arbitration. Dilatory conduct in itself does not constitute waiver. *Id.* at 115, 597 P.2d 290. This court in *United Nuclear* characterized the inquiry as going to the intent of the party claiming waiver, upon whose objective manifestation the other party has relied. Usually this reliance takes the form of preparation for trial in the belief that the other party intends to litigate rather than to demand arbitration. *Wood v. Millers National Insurance Co.*, 96 N.M. 525, 527, 632 P.2d 1163, 1165 (1981).

■ The best measure of such reliance involves the third principle, namely the extent to which the party now urging arbitration has previously invoked the machinery of the judicial system. A concern for preserving scarce judicial resources lies at the heart of the preference for arbitration in the first place. In a case finding that

arbitration had not been waived, this court stated that:

> The case was not at issue and since no hearings had been held, the judicial waters had not been tested prior to the time the motion for arbitration had been filed.

*Bernalillo Cty. Med. Center Emp. v. Cancelosi,* 92 N.M. 307, 310, 587 P.2d 960, 963 (1978).

Applying these principles to the instant case, we note that the policy preference in favor of arbitration is embedded in the very contract at issue, which states that:

> All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.

Architects mentioned this clause in their First Affirmative Defense. Had they not done so, waiver might be presumed. Had they moved promptly thereafter to dismiss the claim against them and to compel arbitration, their motion would have been granted, and upheld by this court on appeal.

Instead, Architects raised other affirmative defenses, did not press the issue of arbitration, and proceeded with discovery, after the matter had been set for trial. Furthermore, Architects requested the assistance of the trial court to allow more time for and to compel discovery. At no time prior to the July 30, 1984 motion did they give notice that they intended to demand arbitration.

Nonetheless, Architects contend now that their conduct caused no prejudice to Taos, because the case was not yet at issue and no hearings had been held. We take judicial notice of the fact that the scope of discovery is considerably diminished under arbitration, a result of the trade-off in favor of efficient and speedy resolution. *See United Nuclear,* 93 N.M. at 117, 597 P.2d 290. By availing themselves of the equitable procedures of discovery Architects realized a benefit under litigation which would have been lost under arbitration. Moreover, as the facts of *United Nuclear* so vividly illustrate, the discovery process itself can be a substantial burden, both of money and time, before the issues are ever joined at trial. Thus we find that the conduct of Architects here did induce in Taos a detrimental reliance on Architects' intent to waive arbitration.

Finally, Architects also activated the judicial machinery, which reinforced that reliance. This court has phrased the rule as follows:

> The mere instigation of legal action is not determinative for purposes of deciding whether a party has waived arbitration. The point of no return is reached when the party seeking to compel arbitration invokes the court's discretionary power, prior to demanding arbitration, on a question other than its demand for arbitration.

*Wood,* 96 N.M. at 527–528, 632 P.2d at 1165–66. In that case, the party seeking arbitration had previously moved to dismiss. After a hearing, the motion was denied.

Here the motion to dismiss was co-incident with the motion to compel arbitration. All of Architects' other invocations of the court's discretionary power were filed on the same date. Architects argue that these should not be counted because the motion to compel arbitration was heard and decided first. Taos replies that it was required to prepare to answer all of the motions at the hearing on August 15, 1984, even though those motions became irrelevant.

Architects assert that the discovery requests and additional motions were necessary in the event they were denied arbitration, and that they can not be faulted for preparing a defense. But timing is all when the question is one of waiver. At no time prior to June 30, 1984, did Architects so much as assert a simple demand for arbitration, neither to Taos nor to the AAA. Arbitration was mentioned in their Answer, but for six months and then even after the court set a trial date, Architects

did not move for a stay of proceedings, but waited two more months before filing their motion to compel arbitration.

Under the set of facts in this case, we find that Architects clearly waived their right to demand arbitration. Mere mention of such a right as an affirmative defense in the answer to a complaint does suffice to keep the right alive. The right expires, however, when the party asserting it takes significant action inconsistent with the right. Waiver of the right may be inferred from any decision to take advantage of the judicial system, whether through discovery or direct invocation of the court's discretionary power, or both.

The judgment of the district court in favor of Architects is reversed, and the cause remanded for further proceedings ` consistent with this opinion.

IT IS SO ORDERED.

RIORDAN and WALTERS, JJ., concur.