This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CHARLES HARVEY; LADONNA GIRON;**
**TERRY HERTZ; BRYAN MARTINEZ and**
**ADELITA MARTINEZ; LAURA SANCHEZ;**
**AURELIO SANTANA and TARAH SANTANA;**
**JESUS SEDILLOS and JOYCE SEDILLOS;**
**DEPAAK SHAH; DANNY WEST and**
**MARSHA WEST;**

    Plaintiffs-Appellees,

v.           **No. 35,685**

**BILL E. HOOTEN,**

    Defendant-Appellant,

and

**JAMES ARIAS; CB & DEVELOPMENT CORPORATION;**
**CHARTER BUILDING AND DEVELOPMENT**
**CORPORATION; CHARTER HOMES, INC.;**
**CURB SOUTH, LLC; LOS JEFES 1-10, owners and**
**officers/directors of CHARTER; LOS HOMBRES 1-10,**
**owners and officers/directors of CURB SOUTH, LLC;**
**SALLS BROTHERS CONSTRUCTION, INC.;**
**VINYARD & ASSOCIATES, INC.; and**
**STAN STRICKMAN;**

    Defendants,

and

**BILL E. HOOTEN; CHARTER BUILDING AND DEVELOPMENT CORPORATION; CHARTER HOMES, INC.; JAMES ARIAS; and CB & DEVELOPMENT CORPORATION;**

Cross-Plaintiffs,

v.

**CURB SOUTH, LLC,**

Cross-Defendant,

and

**JAMES ARIAS; CB & DEVELOPMENT CORPORATION; and CURB SOUTH, LLC;**

Third-Party Plaintiffs,

v.

**SALLS BROTHERS CONSTRUCTION, INC.; VINYARD & ASSOCIATES, INC.; CHARLES M. WALKER COMPANY, INC.; HBW SERVICES, LLC; JAMAR INDUSTRIES, INC.; KEN'S PLUMBING AND HEATING, INC.; and NATIONAL HOME INSURANCE COMPANY;**

Third-Party Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Valerie A. Huling, District Judge**

The Roehl Law Firm, P.C.
Jerrald J. Roehl
Katherine Channing Roehl
Albuquerque, NM

2

for Appellee

Sheehan & Sheehan, P.A.
Leah M. Stevens-Block
David P. Gorman
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant Bill E. Hooten appeals from the district court's order denying his motion to dismiss and to compel arbitration. This Court issued a notice proposing summary affirmance. Hooten filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}     Hooten raised four issues in his docketing statement: (1) the district court erred in failing to determine, as a threshold matter, whether it—or the arbitrator—had the authority to decide Plaintiffs' challenges to the arbitration agreement's enforceability where the arbitration agreement contained a delegation clause; (2) the district court's order compelling arbitration of Plaintiffs' claims against Defendants Charter Homes, Inc., Charter Building and Development Corp., CB & Development Corp. (collectively, the Charter Entities), and James Arias, encompassed Plaintiffs' claims

against Hooten as well; (3) Hooten could not waive his right to arbitrate, where the Charter Entities successfully invoked their right to arbitrate; and (4) the district court erred in determining that Hooten waived his right to arbitration. [CN 4]

**{3}** We initially note that Hooten, in his memorandum in opposition, does not address our proposed disposition as to issues (2) and (3). [*See generally* MIO 4-11] Accordingly, these issues are deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue); *cf. Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** With respect to Hooten's first issue—that pursuant to the delegation clause, the arbitrator, as opposed to the district court, should have decided whether he waived arbitration—we suggested in our calendar notice that this issue did not appear to have been preserved for appellate review. [CN 4-6] Specifically, we noted that Hooten did not indicate to us in his docketing statement that he invoked a ruling from the district court with respect to the delegation clause. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds

4

argued in the appellate court." (internal quotation marks and citation omitted)). [CN 5] We further noted that we reviewed Hooten's reply in support of his motion to dismiss and to compel arbitration, wherein he made several arguments in response to Plaintiffs' assertion that he waived his right to arbitration but made no mention of the delegation clause. [CN 5] Notably, in his reply in support of his motion, Hooten put forth his arguments for why the district court should determine that he did not waive arbitration. [CN 5] In light of our inability to locate any indication of preservation, we urged Hooten, if he chose to file a memorandum in opposition, to point out exactly where—in the eighteen-volume record proper—this issue was preserved for appellate review. [CN 5-6] *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue.").

{5}     In his memorandum in opposition, Hooten does not point us to evidence of preservation, nor does he challenge our proposed disposition that he failed to preserve the delegation clause issue. *See Hennessy*, 1998-NMCA-036, ¶ 24. Instead, Hooten argues that the delegation clause "implicates the district court's subject matter jurisdiction over issues of arbitrability" and that he may raise the issue for the first time on appeal. [MIO 5 (citing *Chavez v. Cty. of Valencia*, 1974-NMSC-035, ¶ 15, 86

5

N.M. 205, 521 P.2d 1154 (stating that an objection to the district court's subject matter jurisdiction may be raised at any time during the proceedings and may be raised for the first time on appeal.))]

{6}    In support of his position, Hooten cites to *Felts v. CLK Mgmt., Inc.*, 2011-NMCA-062, ¶ 18, 149 N.M. 681, 254 P.3d 124, for the proposition that "the parties can agree to have an arbitrator, rather than a court, decide gateway questions of arbitrability in addition to deciding the parties' underlying claims." [MIO 6] Hooten also cites to *Horne v. Los Alamos Nat. Sec., LLC*, 2013-NMSC-004, ¶ 23, 296 P.3d 478, which looked to the arbitration agreement and determined that the parties contractually agreed to give the arbitrator authority to resolve disputes over the interpretation and scope of the arbitration agreement. [MIO 6-7]

{7}    We are not convinced, however, that these cases support Hooten's contention that a delegation clause divests the district court of subject matter jurisdiction. *See State ex rel. Foy v. Austin Capital Mgmt.*, 2015-NMSC-025, ¶ 7, 355 P.3d 1 (stating that "New Mexico district courts are courts of general jurisdiction having the power to hear all matters not excepted by the [C]onstitution and those matters conferred by law). Instead, as *Felts* recognized, a delegation provision is "simply an additional, antecedent agreement the party seeking arbitration asks the . . . court to enforce[.]" 2011-NMCA-062, ¶ 18 (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010)). It stands to reason, then, that a delegation clause, like an arbitration clause,

6

is subject to waiver. *See Ruppelt v. Laurel Healthcare Providers, LLC*, 2013-NMCA-014, ¶ 8, 293 P.3d 902 (determining under similar circumstances that the defendants waived any delegation argument by voluntarily addressing the issue in the district court and by "never even suggest[ing] that the court did not have authority to address the issue"). Thus, in the absence of any challenge below to the district court's authority to determine whether Hooten waived arbitration—and in fact, in light of Hooten's apparent acquiescence to the district court's authority on the waiver issue—we conclude that Hooten waived any delegation argument that the arbitrator should determine whether he waived arbitration. Consequently, because the delegation clause issue was not preserved for appellate review and because we are not convinced that the delegation clause affects the district court's subject matter jurisdiction, we do not address this issue. *See id.* ¶ 9 (stating that the delegation clause issue was not preserved where the defendants "did not address or even mention the question of authority to decide arbitrability during arguments to the district court" and refusing to address the issue further).

**{8}** We therefore need only address Hooten's contention that the district court erred in its determination that he waived arbitration. [MIO 8-11] In our calendar notice, we recognized that three principles govern our review of the district court's waiver finding in the context of a motion to compel arbitration: (1) the strong public policy preference in favor of arbitration, (2) "relief [should] only be granted upon a showing

7

of prejudice to the party opposing arbitration[,]" and (3) "the extent to which the party now urging arbitration has previously invoked the machinery of the judicial system." [CN 8] *Bd. of Educ. Taos Mun. Sch. v. The Architects*, 1985-NMSC-102, ¶¶ 7-10, 103 N.M. 462, 709 P.2d 184.

{9}     Our analysis thus begins with a presumption in favor of arbitration and against waiver; that presumption is so strong that "all doubts as to whether there is a waiver must be resolved in favor of arbitration." *Am. Fed'n of State, Cty. & Mun. Emps. v. City of Albuquerque (AFSCME)*, 2013-NMCA-049, ¶ 10, 299 P.3d 441 (internal quotation marks and citation omitted). The party opposing arbitration will only be granted relief if it can show it was prejudiced by the other party's actions; the type of prejudice involved normally consists of trial preparation that is undertaken due to the belief that the other party does not intend to make a demand for arbitration. *Id.* ¶¶ 10, 20. A primary consideration is the extent to which the party now seeking arbitration had already invoked the machinery of the judicial system, and in doing so, provoked reliance by the other party on the fact that the case would be litigated in court rather than arbitrated. *Id.* ¶¶ 10-12, 17-19.

{10}     In *Wood v. Millers Nat'l Ins. Co.*, 1981-NMSC-086, ¶ 7, 96 N.M. 525, 632 P.2d 1163, our Supreme Court held that a "point of no return" is reached if the party wishing to compel arbitration invokes the district court's discretionary power on a question other than the arbitration issue. That point may also be reached where a party

extensively utilizes discovery procedures that are not available in the arbitration process, and only demands arbitration after the desired discovery has been obtained. *See The Architects*, 1985-NMSC-102, ¶ 13. Instances in which a party has been found to have waived arbitration by invoking the judicial machinery include cases in which the party unsuccessfully filed a motion to dismiss and only then demanded arbitration, *see Wood*, 1981-NMSC-086, ¶¶ 6-7; engaged in extensive discovery over a period of several months, when the scope of discovery would have been much more limited in arbitration, *see The Architects*, 1985-NMSC-102, ¶ 13, and requested a preliminary injunction and unsuccessfully litigated that request through the hearing stage, *see AFSCME*, 2013-NMCA-049, ¶ 19. On the other hand, where nothing of consequence occurred in the litigation prior to the demand for arbitration, and the "judicial waters had not been tested" because no hearings had been held and the case was not at issue, our Supreme Court held that arbitration had not been waived. *Bernalillo Cty. Med. Ctr. Emps' Ass'n v. Cancelosi*, 1978-NMSC-086, ¶¶ 7, 12, 92 N.M. 307, 587 P.2d 960.

{11}    In our calendar notice, we observed that the district court made a number of factual findings in its order denying Hooten's motion to compel arbitration with respect to waiver. [CN 8] These findings include: Hooten was a named defendant in Plaintiffs' original complaint, filed in August 2013, and in each subsequent amended complaint; Hooten did not assert arbitration as an affirmative defense, nor did he

9

challenge the jurisdiction of the court, in any of his answers to the complaints; Hooten filed a motion to dismiss, pursuant to Rule 1-012(B)(6) NMRA, and following a hearing on the motion, the motion was denied; Hooten served two sets of written discovery on Plaintiffs; the Charter Entities filed a motion to compel arbitration on July 15, 2015, and after a hearing, the district court granted the motion and issued an order on January 29, 2016, compelling arbitration of the claims between the Charter Entities and all Plaintiffs (except Shah and Martinez); Hooten did not join the Charter Entities' motion to compel; this matter was set for trial in October 2016; in response to the district court's request for proposals regarding how trial should proceed, Hooten submitted a letter on April 6, 2016, suggesting a phased approach to trial; and in his letter, Hooten indicated his intent to request that the stay pending arbitration granted to the Charter Entities be extended to him, but did not indicate an intent to invoke his right to arbitrate. [CN 8-9]

{12}    In our calendar notice, we suggested that the facts of this case appear to be much more akin to those presented by *The Architects*, *Wood*, and *AFSCME* than to the facts of *Cancelosi*. [CN 11-12] In the two years and eight months that passed from the time Plaintiffs filed their first complaint against Hooten to the time Hooten filed his motion to compel arbitration, Hooten passed the point of no return and tested the judicial waters by filing a substantive a Rule 1-012(B)(6) motion and requesting substantive relief from the district court, and it also appears that Hooten engaged in

discovery directed at Plaintiffs and made recommendations to the district court as to how the trial should proceed. Further, it does not appear that Hooten raised arbitration in any of his answers to the complaints filed by Plaintiffs in 2013 and 2014, nor does it appear that he joined in the Charter Entities' motion to compel arbitration filed in July 2015. Finally, it does not appear that Hooten otherwise indicated to Plaintiffs until April 2016—six months prior to trial—that he intended to seek arbitration. [CN 11-12] On these facts, we suggested in our calendar notice that we could find no error with the district court's conclusion that Hooten "exhibited a course of conduct inconsistent with an intent to arbitrate." [15 RP 3434; CN 12]

{13}     The second important consideration in addressing claims of waiver is the extent to which the party opposing arbitration has been prejudiced by the other party's delay in invoking the arbitration clause. *AFSCME*, 2013-NMCA-049, ¶¶ 10, 20. As we pointed out above, this prejudice most commonly takes the form of efforts that have been taken to prepare for trial under the assumption that the arbitration provision will not be invoked. *Id.* We noted in our calendar notice that the district court determined that Plaintiffs in this case were prejudiced, based on its finding that "trial preparations [were] well under way" as a result of Plaintiffs' reliance on Hooten's "objective manifestation of an intent to litigate rather than arbitrate[.]" [15 RP 3435; CN 12] We further observed that Hooten—in his docketing statement—did not specifically challenge the district court's finding of prejudice. [CN 12] We suggested, based upon

the district court's unchallenged finding that Plaintiffs were engaged in trial preparations at the time Hooten moved to compel arbitration—two years and eight months after the complaint was filed and six months prior to the scheduled trial—that the prejudice prong of the waiver-of-arbitration analysis had been met. [CN 12-13] *See Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 ("An unchallenged finding of the trial court is binding on appeal.").

{14}     In his memorandum in opposition, Hooten "maintain[s] that Plaintiffs have suffered no prejudice." [MIO 8] Hooten takes particular issue with the district court's finding that Plaintiffs were prejudiced by their ongoing trial preparations, arguing that because Plaintiffs were in litigation with Defendants Curb South, LLC; Vinyard & Associates, Inc.; and Stan Strickman—and because Plaintiffs Shah and Martinez were in ongoing litigation with Hooten, the Charter Entities, and James Arias—Plaintiffs would have been in trial preparations regardless of whether Hooten's motion to compel arbitration was granted. [MIO 8-10] Hooten acknowledges, however, that Plaintiffs hired experts to offer opinions regarding his conduct. [MIO 9] Although Hooten contends that these experts' opinions "would have still been necessary and relevant" with respect to Plaintiffs Shah and Martinez [MIO 10], there is no indication in the memorandum in opposition that it would have been necessary for Plaintiffs, aside from Shah and Martinez, to hire the experts had their claims against Hooten gone to arbitration. Consequently, we are not convinced that the district court erred

in determining that Plaintiffs were prejudiced by Hooten's delay in asserting his intention to arbitrate.

**{15}** Furthermore, the prejudice stemming from trial preparation served only to compound the prejudice that inured from Hooten's extensive participation in litigation, including his testing of the judicial waters through the filing of a dispositive Rule 1-012(B)(6) motion. As our Supreme Court held in *Wood*, "[t]he point of no return is reached when the party seeking to compel arbitration invokes the court's discretionary power" and arbitration is thereby waived when that point is reached. 1981-NMSC-086, ¶ 7. "To hold otherwise would permit a party to resort to court action until an unfavorable result is reached and then switch to arbitration." *Id.* Notably, Hooten's memorandum in opposition makes no mention of his passing the point of no return, nor does it address the two year and eight month delay between the filing of Plaintiffs' first complaint against him to the time he filed his motion to compel arbitration. Consequently, we are not convinced that the district court erred. *See The Architects*, 1985-NMSC-102, ¶ 16 (stating that "timing is all when the question is one of waiver").

**{16}** In summary, we conclude that the district court did not err when it determined that Hooten, by his extensive participation in litigation over the course of two years and eight months, waived any right that he had to compel arbitration of the claims against him.

13

{17} Accordingly, for the reasons stated in this opinion, as well as those provided in our notice of proposed disposition, we affirm.

{18} **IT IS SO ORDERED.**

                        _____

                        **LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**STEPHEN G. FRENCH, Judge**