This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39177**

**TD AUTO FINANCE, LLC,**

Plaintiff-Appellee,

v.

**ALFREDO OROZCO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sanchez, District Judge**

Faber and Brand, LLC
Jonathan L. Shoener
Columbia, MO

for Appellee

Alfredo Orozco
Hobbs, NM

Pro Se Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals the district court's order granting judgment on the pleadings in favor of Plaintiff. [DS 2; RP 132] In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, including arguments we construe as a motion to amend the docketing statement and which we deny. Having duly considered Defendant's memorandum, we remain unpersuaded that Defendant has shown error and we therefore affirm.

**{2}** Initially, our calendar notice stated that Defendant's docketing statement listed five contentions in his statement of the issues. [CN 2-3] With regard to these five issues,

Defendant's memorandum in opposition contains nothing that is responsive to our notice of proposed disposition, including that Defendant has provided no further elaboration as to the relevant facts and no citation to specific authority to clarify the bases for these assertions of error. We, therefore, deem these issues abandoned. *See generally State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (observing that where a memorandum in opposition does not respond to our proposed summary disposition with respect to an issue, that issue is deemed abandoned).

**{3}** Defendant's memorandum in opposition instead raises two new issues: (1) that Texas law, including "the Texas Consumer Credit," and federal law govern the contract; and (2) that matters related to the contract should be arbitrated rather than decided in a judicial forum. [MIO 6] Because these contentions were not raised as issues in Defendant's docketing statement, we construe their inclusion in the memorandum in opposition as a motion to amend the docketing statement. *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon "good cause shown"); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) that the issues raised are viable. *State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{4}** Regarding Defendant's contention that Texas law is applicable to the contract, Defendant has explained that the contract's eighth clause, "[a]pplicable [l]aw," states: "[f]ederal and Texas law apply to this contract." [MIO 4] Defendant contends, therefore, that the case contains a forum selection clause, which provides that "any suit related to the contract must be brought in Texas." [MIO 7] We disagree. The contract's eighth clause specified the parties' choice of applicable law, rather than their choice of forum or venue. *See Nez v. Forney*, 1989-NMSC-074, ¶ 4, 109 N.M. 161, 783 P.2d 471 (reasoning that a New Mexico court would apply Texas law to govern substantive rights and the law of New Mexico, the forum, to govern matters of procedure where a contract contained a choice of law provision applying Texas law); *cf. Gonzales v. Surgidev Corp.*, 1995-NMSC-036, ¶ 13, 120 N.M. 133, 899 P.2d 576 (explaining the difference between the choice of law and choice of forum in the context of federal preemption). Accordingly, we reject as nonviable Defendant's argument that the "contract at issue in this case has a forum selection clause that is mandatory[.]" [MIO 6] *See Rael*, 1983-NMCA-081, ¶¶ 15-16.

**{5}** Defendant's contention that, "[p]ursuant to the [c]ontract of [a]rbitration, any party can choose arbitration and the matter will not be decided by the court" [MIO 6], is likewise nonviable. *See id.* First, the arbitration contract referenced by Defendant and attached to his memorandum in opposition is not a part of the district court record and may not now be considered by this Court. *See State v. Smith*, 1979-NMSC-020, ¶ 3, 92 NM. 533, 591 P.2d 664 ("Matters outside the record present no issue for review."); *State*

*v. Druktenis*, 2004-NMCA-032, ¶ 122, 135 N.M. 223, 86 P.3d 1050 ("[W]e [will not] address issues not preserved below and raised for the first time on appeal."). Second, not only did Defendant not raise the issue of arbitration below through the filing of a timely motion to compel arbitration, *see* Rule 1-007.2 NMRA, but Defendant took significant action inconsistent with any right to compel arbitration that he may have had by requesting a jury trial and invoking the district court's discretion through his multiple notices and other filings in the matter. *See Bd. of Educ., Taos Mun. Schs. v. The Architects, Taos*, 1985-NMSC-102, ¶ 17, 103 N.M. 462, 709 P.2d 184 (noting that a party's right to demand arbitration expires when "the party asserting it takes significant action inconsistent with the right"); *Wood v. Millers Nat'l Ins. Co.*, 1981-NMSC-086, ¶ 7, 96 N.M. 525, 632 P.2d 1163 ("The point of no return is reached when the party seeking to compel arbitration invokes the court's discretionary power, prior to demanding arbitration, on a question other than its demand for arbitration.").

**{6}**     As the two additional issues raised by Defendant are nonviable, we deny his motion to amend the docketing statement. *Rael*, 1983-NMCA-081, ¶¶ 15-16.

**{7}**     Defendant has not otherwise presented any facts, authority, or argument in his memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 ("[I]t is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{8}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**