This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39174

**JANE DOE,**

      Plaintiff-Appellee,

v.

**WW HEALTHCARE, LLC d/b/a PRINCETON PLACE; ONPOINTE BUSINESS SERVICES, LLC; and TWO P MANAGEMENT, LLC,**

      Defendants-Appellants,

and

**DESIRE KASI,**

      Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Guebert Gentile & Piazza P.C.
Robert F. Gentile
Terry R. Guebert
Albuquerque, NM

MPJ Law Firm LLC
Michael P. Jasso
Albuquerque, NM

for Appellee

Quintairos, Prieto, Wood & Boyer, P.A.
Jo Beth Drake
Dallas, TX

for Appellants

**DUFFY, Judge.**

**{1}** Plaintiff Jane Doe filed a tort action against her former employer and a former coworker alleging that the coworker sexually assaulted her at work. After filing a motion to transfer venue, Defendant WW Healthcare, LLC, d/b/a Princeton Place, moved to compel arbitration. Defendants OnPointe Business Services, LLC, and Two P Management, LLC joined the motion to transfer venue and then filed their own motion to compel arbitration. The district court denied the motion to transfer venue and the motions to compel arbitration. Defendants appeal only the court's ruling on the motions to compel arbitration. We affirm.

## BACKGROUND

**{2}** Plaintiff filed her complaint on January 13, 2020, naming Defendants mentioned above along with Desire Kasi, her alleged assailant.[1] Fifteen days later, Plaintiff served her first discovery requests on WW Healthcare. On February 27, 2020, WW Healthcare exercised a peremptory excusal of the assigned district judge, filed a motion to transfer venue, and answered Plaintiff's complaint, raising affirmative defenses including the right to submit the case to arbitration. WW Healthcare answered discovery on March 5. It then filed its motion to compel arbitration pursuant to an arbitration agreement signed by Plaintiff during her hiring orientation on March 9. OnPointe and Two P joined the motion to transfer venue on April 16 and filed their own motion to compel arbitration five days later.

**{3}** The district court held a motions hearing on June 11, 2020. The court first denied the motion to transfer venue, noting that no such procedure exists under New Mexico law. The parties then presented argument on the motions to compel arbitration that centered entirely on the enforceability of the arbitration agreement as applied to Plaintiff's claims. But instead of ruling on these substantive disputes, the court denied Defendants' motions to compel arbitration for two reasons. First, the court ruled that OnPointe and Two P were not signatories to the agreement, and thus could not compel arbitration under New Mexico precedents. Second, WW Healthcare waived its ability to enforce the arbitration agreement by filing its motion to change venue, which invoked the discretion of the district court before the filing of its motion to compel arbitration. Notably, the district court expressly declined to rule on the substantive arguments addressing the scope and enforceability of the arbitration agreement. The district court then issued written orders denying Defendants' motions. Defendants appeal the denial of their motions to compel arbitration under NMSA 1978, Section 44-7A-29(a)(1) (2001).

## DISCUSSION

**{4}** Defendants raise three arguments for reversal. First, Defendants argue that the district court erred in determining waiver based on WW Healthcare's filing of a motion to

---

1Defendant Kasi is not a party to this appeal.

change venue prior to filing the motions to compel arbitration. Next, Defendants argue that the district court erred in determining that OnPointe and Two P could not enforce the arbitration agreement because they were not signatories to the agreement. Finally, Defendants argue that the arbitration clause is valid and enforceable as applied to Plaintiff's claims. We view waiver as the dispositive issue in this case. Accordingly, we do not reach Defendants' remaining arguments.

**{5}** We review a district court's denial of a motion to compel arbitration de novo. *Clay v. N.M. Title Loans, Inc.*, 2012-NMCA-102, ¶ 5, 288 P.3d 888. When reviewing a district court's finding of waiver, our review is guided by three factors: (1) the state's strong policy preference in favor of arbitration; (2) the prejudice suffered by the party opposing arbitration as a result of the moving party's actions; and (3) the extent to which the party seeking to arbitrate has invoked the "machinery of the judicial system." *AFSCME Local 3022 v. City of Albuquerque*, 2013-NMCA-049, ¶ 10, 299 P.3d 441; *see also Bd. of Educ. Taos Mun. Schs. v. Architects, Taos*, 1985-NMSC-102, ¶ 10, 103 N.M. 462, 709 P.2d 184 (stating that the best measure of the second prong involves the third principle, "namely the extent to which the party now urging arbitration has previously invoked the machinery of the judicial system"). With regard to the third factor, our Supreme Court has held that "[t]he point of no return is reached when the party seeking to compel arbitration invokes the court's discretionary power, prior to demanding arbitration, on a question other than its demand for arbitration." *Wood v. Millers Nat'l Ins. Co.*, 1981-NMSC-086, ¶ 7, 96 N.M. 525, 632 P.2d 1163.

**{6}** We find the *Wood* Court's reasoning instructive. In that case, the defendant's attorney entered an appearance and filed a motion to dismiss. *Id.* ¶ 5. That motion was denied, and the defendant then filed a motion to compel arbitration. *Id.* The district court ruled that the defendant waived its right to compel arbitration by filing the motion to dismiss prior to the arbitration motion. *Id.* ¶ 3. Our Supreme Court affirmed, reasoning that the motion to dismiss squarely invoked the discretion of the trial court on a question other than arbitration prior to the filing of the motion to compel arbitration. *Id.* ¶ 7. Accordingly, the defendant had passed the point of no return and relinquished its right to arbitrate. *Id.*

**{7}** In this case, WW Healthcare filed its motion to transfer venue on February 27, eleven days before its March 9 motion to compel arbitration.[2] OnPointe and Two P joined the venue motion on April 16, 2020, five days before filing their own motion to compel arbitration. Thus, the dispositive question here is whether the motion to transfer venue—which predates both motions to compel arbitration and covers all three Defendants—invoked the district court's discretion.

---

2We note as well that WW Healthcare's answer, filed on the same day as the venue motion, specifically stated that the answer was subject to its motion to transfer venue and motion to compel arbitration, though the latter motion was not filed for another two weeks. The venue motion contains no such language. The motion to compel arbitration, however, states that it was filed subject to the motion to transfer venue. This suggests that WW Healthcare was fully aware of the arbitration issue but sought to fully litigate the venue issue and obtain a ruling, thus invoking the district court's discretion on the matter.

**{8}** New Mexico law provides a single statutory mechanism that permits venue transfer. NMSA 1978, Section 38-3-3(B) (2003) allows a litigant to move to transfer venues when the litigant cannot obtain a fair trial in the county in which the case is brought. While the New Mexico Rules of Civil Procedure allow a defendant to move to *dismiss* a case for improper venue, Rule 1-012(B)(3) NMRA, there is no rule-based way to *transfer* venue. Indeed, our Supreme Court has expressly held that district courts are not empowered to transfer lawsuits from one county to another for reasons unrelated to the fairness of the trial proceedings. *See First Fin. Tr. Co. v. Scott*, 1996-NMSC-065, ¶ 12, 122 N.M. 572, 929 P.2d 263.

**{9}** Trial courts retain broad discretion to grant or deny a motion to transfer venue. *State v. Barrera*, 2001-NMSC-014, ¶ 11, 130 N.M. 227, 22 P.3d 1177. Accordingly, the grant or denial of a motion to transfer venue is a discretionary act that falls within the trial court's authority. While Defendants' motion to transfer venue in this case did not state that it was brought under Section 38-3-3(B), no other legitimate means exists to transfer venue under New Mexico law. Defendants' motion thus sought a discretionary ruling on the matter of venue, and the district court exercised its discretion to deny the motion. Under the facts of this case, the district court correctly ruled that WW Healthcare invoked the discretion of the district court before seeking to compel arbitration. OnPointe and Two P joined that motion before filing their own motion to compel arbitration, indicating that they also sought a ruling on the venue issue. We see no discernible difference between the prejudicial effect of the motion to dismiss in *Wood* and the motion to transfer venue in this case. Consequently, we affirm the district court's conclusion that Defendants waived their right to enforce the arbitration agreement.

**{10}** We briefly note that under *Architects, Taos*, the fact that Defendants raised the right to demand arbitration as an affirmative defense does not "suffice to keep the right alive." 1985-NMSC-102, ¶ 17. Rather, "[w]aiver of the right may be inferred from any decision to take advantage of the judicial system, whether through discovery or direct invocation of the court's discretionary power, or both." *Id.* We accordingly hold that the district court did not err in denying their motions to compel arbitration.

**CONCLUSION**

**{11}** The district court's denial of Defendants' motions to compel arbitration is affirmed.

**{12}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**GERALD E. BACA, Judge**