This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42343

JOHN and MANUELITA
MARTINEZ,

     Plaintiffs-Appellees,

v.

TRANSITIONAL HOSPITALS
CORPORATION OF NEW MEXICO,
LLC d/b/a KINDRED HOSPITAL-
ALBUQUERQUE, VICTOR E. OLIVA
GUTIERREZ, M.D.,

     Defendants-Appellants,

and

ST. VINCENT HOSPITAL d/b/a
CHRISTUS ST. VINCENT
REGIONAL HOSPITAL,
DR. VANESSA ALVAREZ,
JOHN and JANE DOE NURSES
and JOHN and JANE DOE STAFF,

     Defendants.

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Bryan Biedscheid, District Court Judge

Duhigg & Berlin, P.A.
David M. Berlin
Albuquerque, NM

Law Office of E. Marvin Romero
E. Marvin Romero
Albuquerque, NM

for Appellees

Quintairos, Prieto, Wood & Boyer, P.A.
Frank Alvarez
Dallas, TX

for Appellants

**DECISION**

**BACA, Judge.**

**{1}**     Appellants Transitional Hospitals Corporation of New Mexico, LLC d/b/a Kindred Hospital-Albuquerque (Kindred) and Victor E. Oliva Gutierrez, M.D. appeal from the district court's order denying their motion to compel arbitration. For the reasons that follow, we reverse the district court's order and remand for further proceedings consistent with this decision.

**{2}**     In 2020, Appellee John Martinez was admitted to Kindred. Around the time of Mr. Martinez's admission, his wife, Appellee Manuelita Martinez, entered into a "Voluntary Alternative Dispute Resolution Agreement" (the Agreement) with Kindred on Mr. Martinez's behalf. The Agreement included a provision that "[a]ny and all claims or controversies arising out of or in any way relating to this Agreement or [Mr. Martinez's] stay at [Kindred] Hospital" shall be submitted to arbitration.

**{3}**     In 2022, Appellees filed suit against Appellants, seeking damages resulting from injuries that Mr. Martinez allegedly sustained during his stay at Kindred. In their "Answer to Plaintiffs' Complaint," Appellants raised several affirmative defenses, including that the district court "lacks jurisdiction to hear this matter and the matter must be submitted to binding arbitration pursuant to the parties' previous agreements to arbitrate such disputes."

**{4}**     Appellants, on the same day they filed their answer, contacted Appellees though counsel, asking Appellees to confirm whether they intended to submit their claims to arbitration. The parties appeared to reach some agreement as to arbitration, and Appellees indicated, via email, that they did not oppose Appellant seeking a thirty-day extension to file an agreed motion to compel arbitration and an accompanying proposed stipulated order. However, due to an acknowledged oversight, Appellants did not file a motion to compel arbitration nor a proposed stipulated order.

**{5}**     Five months after Appellees filed their complaint, Appellees filed a motion to strike Appellants' affirmative defense mandating arbitration and argued that Appellants' affirmative defense should be stricken because Appellants had waived their right to arbitration. After a hearing on the motion, the district court found that Appellants "waived their right to arbitration because they did not seek to compel arbitration pursuant to the time frame within [Rule] 1-007.2 [NMRA] and extension given" and struck the affirmative

defense. One month after the district court issued its ruling, Appellants filed a motion to reconsider and a corresponding motion to compel arbitration. The district court denied both motions. Regarding the motion to compel arbitration, the district court denied the motion based on the same grounds as it had granted Appellees' earlier motion to strike—namely because Rule 1-007.2 was not "followed" and there was no "timely binding agreement submitted to" the district court. This appeal followed.

**{6}** The question to be resolved on appeal asks: Did the district court err in denying Appellants' motion to compel arbitration? "As with a summary judgment motion, a motion to compel arbitration may only be granted as a matter of law when there is no genuine issue of material fact as to the existence of an agreement." *AFSCME Loc. 3022 v. City of Albuquerque*, 2013-NMCA-049, ¶ 7, 299 P.3d 441 (internal quotation marks and citation omitted). We review a district court's denial of a motion to compel arbitration de novo. *Peavy v. Skilled Healthcare Grp., Inc.*, 2020-NMSC-010, ¶ 9, 470 P.3d 218. Relatedly, when the parties do not dispute the underlying facts in a case, the question of whether a party has waived its right to arbitration is a question of law that we review de novo. *See AFSCME Loc. 3022*, 2013-NMCA-049, ¶ 8. "As we review the district court's determination, we keep in mind that the party asserting the default in pursuing arbitration bears a heavy burden of proving waiver." *Id.* ¶ 7 (alteration, internal quotation marks, and citation omitted).

**{7}** In this case, the district court's decision to deny the motion to compel arbitration was based on the same reason as its earlier ruling regarding wavier. Thus, we are left with the narrow issue of whether the district court erred in concluding that Appellants waived their right to compel arbitration.

**{8}** Rule 1-007.2 clearly requires that motions to compel arbitration be filed within ten days of the service of the answer or of "the last pleading directed to such claims." But in the present case, Appellees granted an extension of this time period for the parties to negotiate using arbitration, and after the parties did not resolve the matter within the extended time, we look not to whether the time provisions of Rule 1-007.2 were violated but whether Appellant waived the right to arbitrate under the circumstances. Our Supreme Court has long used a three-part test to evaluate a party's intent to waive the right to arbitrate (the traditional arbitration waiver test):

> First, any analysis begins with a presumption in favor of arbitration and against finding a waiver. The second principle, following from the first, is that relief will only be granted upon a showing of prejudice to the party opposing arbitration. Dilatory conduct in itself does not constitute waiver. Third, a court will look at the extent to which the party now urging arbitration has previously invoked the machinery of the judicial system and in doing so provoked reliance by the other party in the manifested intent to waive arbitration and in the court's litigation of the case.

*AFSCME Loc. 3022*, 2013-NMCA-049, ¶ 10 (internal quotation marks and citations omitted). In this context, "dilatory conduct by the party seeking arbitration,

unaccompanied by prejudice to the opposing party, does not constitute waiver." *United Nuclear Corp. v. Gen. Atomic Co.*, 1979-NMSC-036, ¶ 35, 93 N.M. 105, 597 P.2d 290. Rather, "[i]t must appear that the delay in requesting arbitration was an intentional relinquishment of the right to arbitrate." *Id.* ¶ 36.

**{9}** In this case, Appellees did not articulate—in the district court nor on appeal—any prejudice that they incurred as a result of Appellants' dilatory conduct. *See Bd. of Educ. Taos Mun. Schs. v. Architects, Taos*, 1985-NMSC-102, ¶ 9, 103 N.M. 462, 709 P.2d 184 (stating that "relief will only be granted upon a showing of prejudice to the party opposing arbitration"). Thus, we consider whether Appellants' delay in requesting arbitration constitutes "an intentional relinquishment of the right to arbitrate." *See United Nuclear Corp.*, 1979-NMSC-036, ¶ 36. "Such intention may be inferred when a party takes action inconsistent with its right to demand arbitration." *Id.*

**{10}** In reviewing the record, we have not identified anything suggesting that Appellants acted inconsistent with their right to demand arbitration. In their answer to Appellees' complaint, Appellants mentioned the arbitration agreement in their affirmative defenses. *Cf. Architects, Taos*, 1985-NMSC-102, ¶ 11 (stating that the appellants may have been presumed to have waived arbitration had they not mentioned an arbitration clause in their affirmative defenses). Notably, at the time Appellees filed their motion to strike, Appellants' answer is the only pleading they had filed with the district court. Four and a half months later, at the time the district court issued its written ruling on the motion to strike, Appellants still had not filed any motions, and there is no indication that Appellants were participating in discovery. To the extent that Appellants "invoked the machinery of the judicial system," *see AFSCME Loc. 3022*, 2013-NMCA-049, ¶ 10 (internal quotation marks and citation omitted), it was only regarding the issue of arbitration—specifically: filing a response in opposition to Appellees' motion to strike, supplementing the response in opposition, and participating in the hearing on Appellees' motion. *See Bernalillo Cnty. Med. Ctr. Emps.' Ass'n Loc. Union No. 2370 v. Cancelosi*, 1978-NMSC-086, ¶¶ 12-13, 92 N.M. 307, 587 P.2d 960 (concluding that the trial court erred in ruling that a party had waived their right to arbitration when, at the time the motion for arbitration was filed, the only pleadings filed were "(1) a complaint; (2) a motion to dismiss; (3) a first amended complaint; and (4) a motion requesting the trial court to submit the issues to arbitration" and thus "the judicial waters had not been tested prior to the time the motion for arbitration had been filed"). Further, after the district court issued its order concluding that Appellants waived their right to arbitration, Appellants promptly moved for reconsideration and filed the motion to compel arbitration in conjunction with the motion to reconsider. After the district court denied the motion to compel arbitration, Appellants filed a timely appeal.

**{11}** Here it is clear that the district court concluded that Appellants waived their right to arbitrate based only on their dilatory conduct and without considering whether such conduct prejudiced Appellees. Even then, Appellees did not articulate any prejudice they incurred as a result of the delay, and the record does not support the conclusion that Appellants "invoked the machinery of the judicial system" in a manner inconsistent with Appellants' purported intent to seek arbitration. For these reasons, we conclude

that the district court erroneously determined that Appellants waived their right to arbitration.

**{12}** Appellees argue that the traditional arbitration waiver test is irrelevant in light of Rule 1-007.2 and its mandatory time limits and further that Appellant did not preserve this argument. We are satisfied that Appellants argued for the application of the traditional arbitration waiver test in the response to Appellees' motion to strike and at the hearing on that motion. We are also bound by our Supreme Court's assertion of the waiver test, which it has not considered or altered in light of Rule 1-007.2's time-to-file requirement. *Cf. Citibank, N.A. v. Moyer*, 2026-NMCA-041, ¶ 40, 586 P.3d 325.[1] Because the district court's reason for denying Appellants' motion to compel arbitration was based on its determination regarding waiver and we are bound by our Supreme Court's waiver analysis, we reverse the order denying the motion to compel. We remand this matter to the district court for further proceedings consistent with this decision.

**{13} IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**

---

[1]In *Citibank*, we noted that the Supreme Court of the United States has cautioned federal courts against using waiver tests that are specific to arbitration contracts, rather than the general law of contracts, but that our New Mexico Supreme Court has not yet "addressed the application of *Morgan* [*v. Sundance, Inc.*, 596 U.S. 411 (2022)] to New Mexico's arbitration-specific waiver rule," which necessarily "bind[s] this Court." *Citibank*, 2026-NMCA-041, ¶¶ 39-40; *see also Morgan*, 596 U.S. at 413-14 (concluding that the Federal Arbitration Act does not authorize federal courts to create "arbitration-specific procedural rule[s]" regarding waiver).